McCRORY STORES CORPORATION ET AL., APPELLANTS, v. S. M. BRAUNSTEIN, INCORPORATED, RESPONDENT.

Argued June 26, 1923—Decided November 19, 1923.

1. A tenant, confronted with a demand for rent claimed by it to be in excess of that provided in the lease, and being threatened with legal proceedings to enforce such demand, paid the amount demanded and later brought suit to recover back the alleged excess. *Held*, that the payment was voluntary and that a verdict for defendant was rightly directed.

2. The direction of a verdict will not be reversed on appeal even if rested on an untenable ground by the trial court, but will be affirmed if it was proper for any legal reason that should have operated on the mind of the trial court. The question to be determined on review is the propriety of the judicial action, not the soundness of the reason that prompted it.

---

On appeal from the Supreme Court.

For the appellants, *Harry R. Coulomb.*

For the respondent, *Clarence L. Cole.*

The opinion of the court was delivered by

PARKER, J. The suit is to recover back an alleged overpayment of rent. The trial court directed a verdict for defendant, and plaintiffs appeal.

The rent was payable under a written lease made between other parties, but appellants have succeeded to the rights thereunder of the original tenant, and respondent to those of the original landlord, so that the case may be considered as though the parties before us were the original parties.

The claim of overpayment arose out of a disagreement as to the meaning of a part of the covenant to pay rent, which reads, so far as material to the present controversy, as follows:

"And the said party of the second part does hereby covenant and agree that it will pay all excess water rents that may be assessed against said premises, and also all the increase in taxes on and after October 27th, 1920, which said excess water bills and said increase in taxes shall be considered as so much rent due and payable within thirty days after the same become due and payable to the city of Atlantic City."

The particular clause in dispute is that which reads "and also all the increase in taxes on and after October 27th, 1920." The landlord claimed that this meant the increase in taxes for 1921 over those for 1919, which increase amounted to $3,104.30; the tenant claimed that it meant

the increase over taxes for 1920, or $1,906, and offered that amount. The landlord demanded the $3,104.30 with interest, and gave notice that unless it was paid the landlord "would take such action under said lease as it might be advised to be necessary." The leasehold was evidently a valuable one and the term was not to expire by limitation until October 27th, 1935; so the tenant, evidently fearing a possible adverse result in a landlord and tenant proceeding, paid the amount demanded under protest, and afterwards brought this suit to recover back the difference between the amount paid and the amount conceded to be due.

The trial court, as has been said, directed a verdict for defendant, basing the direction on a construction of the clause adverse to plaintiffs' claim. The motion for a direction was rested also on other grounds, particularly that the payment was voluntary and therefore could not be recovered back.

We are of the opinion that the verdict for defendant was rightly directed, but find it unnecessary to examine into the question of the meaning of the covenant, because we are clear that the payment was a voluntary one. The appellant was confronted with the alternative of paying or standing a suit for dispossession. To avoid that suit and its possible result appellant exercised the option of paying. Such a case we think indistinguishable in principle from *Sooy* ads. *State*, 38 *N. J. L.* 324, in which Sooy voluntarily gave a bond as a state official, which the court held not required by law; *Camden* v. *Green*, 54 *Id.* 591, where a license fee in excess of the legal fee was paid "without mistake of fact, fraud, duress or coercion;" *Turner* v. *Barber*, 66 *Id.* 496, where plaintiff paid illegal wharfage to release his vessel from a libel in admiralty; *Koewing* v. *West Orange*, 89 *Id.* 539, where plaintiff paid excessive taxes under threat of a tax sale claimed to be illegal; or *Byron* v. *Byron, Heffernan & Co.*, 98 *N. J. L.* 127, where a receivership was threatened.

In the case at bar the landlord's claim was either legal or illegal. If legal plaintiffs were, of course, bound to pay it.

If illegal they were entitled to resist it in a judicial proceeding. The nub of the case from a practical standpoint probably was that plaintiff feared the result of an adverse decision in a tenancy proceeding where the right of review is so restricted as it is under our statute; and so it is argued here that plaintiff could not have gone into the Court of Chancery for an interpretation of the contract under *Pamph. L.* 1915, *p.* 184, § 7. This is a mere argument *ab inconvenienti* and is equally applicable in any case where a party pays to avoid the embarrassment of a judgment or attachment.

It may not be out of place to add that the legislature has not left the tenant of a great store, factory, hotel, &c., wholly to the mercy of a small cause court; for by statute the tenant may at any time between issue and return of the summons in tenancy apply to a justice of the Supreme Court, who, if he deem the case of sufficient importance, may order a removal into the Circuit Court, where it shall be tried, and it is further provided that the said Circuit Court shall have the same control over the verdict and judgment as in other cases, and writ of error lies therefrom to the Supreme Court. *Comp. Stat.*, *p.* 3074, *pl.* 24a, 24d, inclusive.

It cannot be doubted that in a case of such importance as that before us, involving a troublesome question of construction and interpretation, there would have been a removal on proper application and proper consideration by a superior court, subject to review, of the substantial question involved.

The trial judge did not put his direction on the ground of voluntary payment, but that does not debar an affirmance on that ground. The question to be determined on review is the propriety of the judicial action, not the soundness of the reason that prompted it. *Pierson* v. *N. Y., S. & W. R. R. Co.,* 83 *N. J. L.* 661; *McAndrews & Forbes Co.* v. *Camden,* 78 *N. J. Eq.* 244; *Sadler* v. *Young,* 78 *N. J. L.* 594; *Gillespie* v. *John W. Ferguson Co., Id.* 470.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.    11.

*For reversal*—None.