CITIZENS FIRST NATIONAL BANK OF RIDGEWOOD, A NATIONAL BANKING ASSOCIATION, PLAINTIFF-APPELLANT, v. LEONORA BRIERLEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 18, 1967—Decided January 9, 1968.

Before Judges CONFORD, COLLESTER and LABRECQUE.

*Mr. Steven Warm* for appellant (*Messrs. Weber, Muth and Weber,* attorneys).

Respondent filed no brief.

The opinion of the court was delivered by
LABRECQUE, J. A. D. Plaintiff appeals from an adverse judgment following a jury verdict for defendant.

The present suit was originally instituted in the Law Division to recover the balance claimed to be due upon a promissory note bearing the purported signatures of defendant Leonora Brierley and her husband Charles Brierley (since deceased). The note was in the sum of $2,844 and was payable in 36 monthly installments of $79 each, commencing April 20, 1963. There was a default on December 20, 1963, whereupon plaintiff elected that the entire balance of $2,212 become due and payable. Judgment was claimed for the balance due, plus collection fees authorized by the note, less a credit of $1,000 representing a balance in defendant's checking account which the bank had applied on account of the indebtedness.

Defendant's answer denied that she had executed the note and charged that her husband had forged her signature. In a counterclaim she sought to recover the $1,000 which she contended had been wrongfully applied to the balance due on the note. By way of reply, plaintiff asserted that the proceeds of the note had been credited to defendant's personal checking account and her disbursements by check therefrom had exceeded the balance due prior to such credit. By a later amendment to the complaint a second count was added which sought recovery from defendant of the balance of $1,212 (after crediting the aforementioned $1,000) on the theory of unjust enrichment, she having had the use and benefit of the proceeds of the note.

The suit was transferred to the county district court and tried there. Prior to starting the trial the court ruled that the cause of action set forth in the second count was not cognizable in the county district court because equitable in nature,[1] but permitted it to be considered by way of defense to the counterclaim. The jurors were instructed that if they

---

[1] No consideration appears to have been given below or in plaintiff's brief to whether, upon the transfer of a cause from the Superior Court to the county district court under *R. R.* 4:3–4(*a*) (since repealed), the latter court was deprived of the plenary equitable jurisdiction vested in the Superior Court prior to the transfer. We express no opinion on the point.

found defendant's signature on the note to be genuine, they should find for plaintiff on the main complaint, but if they found it to be a forgery, they should find for defendant on the main complaint and then consider the counterclaim. They were instructed that if they found defendant's signature to be a forgery, the terms of the note were not binding on her and the bank was not authorized to apply the balance in her account against the note, but if defendant had benefited personally from the proceeds of the note, "as opposed to her husband's benefiting" therefrom, to the extent of $1,000 or more, the jury should find in favor of plaintiff on the counterclaim. The jury returned with a verdict of no cause of action for either party and the present appeal followed.

There was undisputed proof from which the jury could have concluded that the entire proceeds of the note were deposited in defendant's account and that $2,646.95 of the proceeds was subsequently disbursed by her. The jury's verdict of no cause for action on the counterclaim was supportable under the court's charge only on the basis that defendant "personally benefited" from the amount of the loan to the extent of $1,000 or more. Plaintiff urges that, even if the jury found the note to be a forgery, it was entitled on the facts and the law to a judgment for the full amount of the proceeds of the note which went into defendant's account and was disbursed by her.

Plaintiff first contends that the trial judge was in error in holding that the court was without jurisdiction to grant the relief sought by the second count of the amended complaint. We agree. Assuming, *arguendo*, that the cause of action asserted by the second count was one cognizable only in equity,[2] nevertheless, since it was offered to avoid a separate defense to the action, it was within the jurisdiction of the county district court and should have been determined

---

[2] See, however, *Callano v. Oakwood Park Homes Corp.*, 91 *N. J. Super.* 105, 108–109 (*App. Div.* 1966) ; *Jenkins v. Kaplan*, 50 *N. J. Super.* 274, 283 (*App. Div.* 1958).

there. *Vineland Shopping Center, Inc. v. DeMarco,* 35 *N. J.* 459, 469 (1961).

Further, in the event that the court was without jurisdiction to hear a portion of the case, the trial judge should not have embarked upon a piecemeal disposition of the issues but should have, *sua sponte,* transferred the entire case to the proper court where it could have been proceeded with as if originally instituted there. *R. R.* 1:27D(*a*). *Cf. Bruder v. Teachers' Pension & Annuity Fund,* 27 *N. J.* 266, 272 (1958).

By reason of the foregoing the judgment in favor of defendant on plaintiff's complaint is reversed and set aside.

The question remains whether we should remand the case for a retrial or exercise our power of original jurisdiction and determine the issues raised by the second count of the complaint. *R. R.* 1:5–4(*a*) and (*b*); *R. R.* 2:5. As a matter of expedition, since it is undisputed that the proceeds of the note were deposited in defendant's account and disbursed by her to the extent of $2,646.95 over and above her prior balance, we elect to determine the cause on its merits. *Cf. Bruder v. Teachers' Pension & Annuity Fund, supra,* at *p.* 273.

We hold that, in view of the foregoing, defendant was enriched and benefited to the extent of $2,646.95 and that retention of such benefit without payment therefor would be unjust. *Callano v. Oakwood Park Homes Corp., supra,* at *p.* 109. Whether defendant "personally," as opposed to her husband, benefited from the use of this money, as charged by the court, was beside the point insofar as her relationship to the bank was concerned, since she disbursed it to such persons and in such manner as suited her purposes. Actually, as noted, the jury found that she had personally benefited to the extent of at least $1,000, the amount she sought in her counterclaim.

In view of the foregoing we need not consider plaintiff's argument based upon estoppel.

Reversed and remanded for the entry of judgment in favor of plaintiff for $1,212 together with interest and costs.