112 N.J. Super. 226 (1970)
270 A.2d 739
VINCENT J. MORROCCO, AS AGENT FOR ROY PETERSON, PLAINTIFF,
v.
JOHN FELTON; JOHN HOLMES; LONNIE IRVING; JOHN JAMISON; JAMES KEATON; GEORGE LIGHTFOOT; JOHN LOCKETT; JOHN MILNER; JOHN NAPPER; WILLIE NORMAN; JOHN POTEAT; JAMES SHIRLEY; WALLACE SMITH; MARY STEVENS; BETTY WILLIAMS; OLIVER WILLIAMS; AND MARY YOUNG, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided September 25, 1970.
*229 Mr. Earl S. Aronson appeared for plaintiff.
Mr. Frank B. O'Neill, Jr. and Miss Judith A. Rosenstein appeared for defendants (Essex County Legal Services Corporation; Richard E. Blumberg, Newark-Essex Joint Law Reform Project, of counsel).
TUMULTY, J.S.C.
This is a motion upon order to show cause by defendant tenants to remove these 17 actions for possession from the Essex County District Court to the Superior Court pursuant to N.J.S.A. 2A:18-60, and for consolidation of the same with the class action previously filed with this court by these tenants as plaintiffs in the matter of North Day Tenants Ass'n v. Peterson, under R. 4:38-1 (b).
Plaintiff Roy Peterson is the owner of certain multiple dwelling apartments located at 292, 288 and 284 North Day Street in Orange, New Jersey. Defendants are all tenants residing at these premises under oral month-to-month agreements. On August 17, 1970 Peterson through his agent Vincent J. Morrocco filed summary dispossess proceedings pursuant to N.J.S.A. 2A:18-53 in the Essex County District Court against these defendants for nonpayment of rent. These tenants had formed the North Day Tenants Association in May 1970 and had since that time been withholding their rents and paying the same into an escrow account due to an alleged continued lack of habitability of the premises.
On August 27, 1970 the tenants filed a verified complaint with the Superior Court upon order to show cause, and at the same time brought the present application under order to show cause, seeking to remove the dispossess actions and consolidate them with their affirmative action. Brought as a class action pursuant to R. 4:32-1 et seq., the tenants as *230 plaintiffs joined the landlord Peterson, his agent and the four mortgagees of the premises as defendants, seeking declaratory judgment, injunctive relief and damages on the issue of habitability. N.J.S.A. 2A:16-50 et seq. Plaintiffs allege that any or all of the defendants joined may be jointly or severally liable under the causes of action set forth.
N.J.S.A. 2A:18-60 provides that
At any time before an action for the removal of a tenant comes on for trial, either the landlord or person in possession may apply to the superior court, which may, if it deems it of sufficient importance, order the cause transferred from the county district court to the superior court. * * *
This statute "recognizes that certain types of proceedings to remove a tenant involve rights or issues too important to be heard in a summary manner without a right of appeal." Master Auto Parts, Inc. v. M. & M. Shoes, Inc., 105 N.J. Super. 49, 52 (App. Div. 1969); see Sbrolla v. Hess, 133 N.J.L. 71 (Sup. Ct. 1945), and Red Oaks, Inc. v. Dorez, Inc., 117 N.J.L. 280 (Sup. Ct. 1936).
It is a matter of discretion with the Superior Court to decide if an action is "of sufficient importance," and thus should be removed. Carteret Properties v. Variety Donuts, Inc., 49 N.J. 116, 130 (1967). "However, discretion means legal discretion in the exercise of which the trial judge must take account of the applicable law and the particular circumstances of the case, to the end that a just result is reached." Master Auto Parts, Inc. v. M. & M. Shoes, Inc. supra, 105 N.J. Super. at 53.
Under N.J.S.A. 2A:18-53 the county district court is normally the proper place to institute and adjudicate dispossess proceedings. Those proceedings, however, must be heard in a summary manner, and that court lacks any general equitable jurisdiction. Scott v. Bodnar, 52 N.J. Super. 439 (1958), certif. den. 29 N.J. 136 (1959). Although the county district court may hear equitable defenses *231 and entertain equitable concepts, it is beyond the power of that court to grant permanent injunctive or other equitable relief to these parties as may appear just and appropriate under the circumstances presented. See Vineland Shopping Center, Inc. v. DeMarco, 35 N.J. 459 (1961); Citizens First National Bank v. Brierly, 98 N.J. Super. 497 (1968), and Olstowski v. Schreck, 91 N.J. Super. 100 (1966).
N.J.S.A. 2A:18-59 provides that summary dispossess actions in the county district court "shall not be appealable except on the ground of lack of jurisdiction," while N.J.S.A. 2A:18-61 allows a general appeal of right from the judgment of the Superior Court in actions which have been removed. Although our Supreme Court has questioned the wisdom of this distinction in Marini v. Ireland, 56 N.J. 130 (1970), at 140, fn. 1, the statute presently remains in force. Further, the decision in Marini, at 138, 139, fails to make clear what may now be considered a jurisdictional question and thus appealable on the ground of lack of jurisdiction. When, as here, the diverse issues of law and questions of fact raised are of such importance and magnitude to the whole substantive area of landlord-tenant law, removal appears appropriate so as to afford all parties an appeal as of right.
The position of the tenants is that the landlord has violated his implied warranty of habitability, resulting in a failure of consideration, and that the alleged deleterious conditions violate the property maintenance and housing codes of the State of New Jersey and the City of Orange. See Reste Realty Corp. v. Cooper, 53 N.J. 444 (1969), and Marini v. Ireland, supra. In particular, the tenants place in issue alleged non-habitability existing in common areas of the premises, such as roofs, stairways, entrances and basements, in addition to questions concerning individual apartments.
Counsel for the landlord argues in rebuttal that the county district court has jurisdiction to deal fully with the *232 question of habitability under Marini. The Supreme Court there held that the tenant may raise a defense of nonhabitable conditions existing in his apartment in a dispossess action for nonpayment of rent. In a subsequent expansion of that decision, the Essex County District Court, in Academy Spires, Inc. v. Brown, 111 N.J. Super. 477 (1970), held that the tenant may raise the issue of nonhabitability by withholding his rent and seeking a "percentage abatement" at the dispossess proceedings.
The court may take judicial notice that the cost of repairs to individual apartments and common areas in this instance will be extensive. This is clearly shown in the pleadings. The tenants have, to date, withheld nearly $5,000 for the purpose of effecting repairs. The Legislature of New Jersey has made a policy decision that matters involving an excess of $3,000 should be heard in Superior Court. N.J.S.A. 2A:6-34. The matters here in controversy as to rents withheld and costs of repairs clearly exceeds $3,000, and consequently is sufficient to merit removal of these actions to the Superior Court.
Although Marini v. Ireland and Academy Spires v. Brown, supra, have recognized important rights accruing to the tenant, both have dealt only with the question of habitability insofar as it relates to the tenant's individual apartment. In the present case, important issues of law arise as to the lack of habitability in common areas of the premises.
Presently the landlord is under a statutory duty to maintain common areas in good repair. N.J.S.A. 55:7-1 provides that "Every tenement house and all the parts thereof, shall be placed and maintained in good repair. * * *" See Michaels v. Brookchester, Inc., 26 N.J. 379 (1962). If the landlord breaches this obligation and the tenant is injured, the tenant has a right of action against the landlord for the damages sustained. Saracino v. Capital Properties Associates, Inc., 50 N.J. Super. 81, 85, 86 (App. Div. 1958). However, as the Supreme Court pointed out in Reste Realty Corp. v. Cooper, 53 N.J. 444 (1969):
*233 It has come to be recognized that ordinarily the lessee does not have as much knowledge of the condition of the premises as the lessor. Building code requirements and violations are known or made known to the lessor, not the lessee. He is in a better position to know of latent defects, structural and otherwise, in a building which might go unnoticed by a lessee who rarely has sufficient knowledge or expertise to see or to discover them. [at 452]
This court is obligated under the tenants' complaint to render a declaratory judgment as to the rights and liabilities of the parties viz-a-viz the common areas of the premises. The tenants would likewise raise this issue in the dispossess proceedings in the county district court. This course of action might well result in conflicting decisions on the issue, in addition to a needless duplication of judicial efforts. When, as here, the court must determine and declare legal rights and responsibilities of the parties in an important substantive area of the law which heretofore has not been clearly defined, such a decision should rightfully be decided in the Superior Court. Thus, removal is merited.
This court has previously examined the question of removal in Academy Spires, Inc. v. Jones, 108 N.J. Super. 395 (Law Div. 1970). That decision refused removal on the grounds that (1) the defense of nonhabitability could be raised in the county district court and (2) the tenant's motive in seeking transfer was for the purpose of avoiding the rule forbidding joinders of another claim or party in an action for possession, R. 6:3-4, and hence was not of sufficient importance to merit transfer. Since that time, however, the Supreme Court has decided Marini v. Ireland, supra, and this court must re-examine Academy Spires v. Jones in light of the more recent decision. Although Academy Spires accords with Marini on the jurisdictional propriety of the defense of nonhabitability, that earlier decision could not anticipate nor dispose of the many as yet unanswered questions of law raised by Marini, and must be considered accordingly.
*234 The court may take judicial notice of the present state of flux of landlord-tenant law, as well as the recent attention given to this area of the law by all three branches of the State Government. See, N.J.S.A. 2A:42-10.10 et seq. (Assembly Bill 1204), recently enacted and approved September 30, 1970. The critical shortage of housing, the number of substandard dwelling units, and inflationary pressures on both landlord and tenant are well documented. These factors combined with the present uncertainties in the law, create a situation requiring a clear and precise delineation of the rights of landlords and tenants alike.
The tenants in their complaint have raised the question of whether a liability for maintaining decent and habitable dwellings may extend beyond the landlord to include the mortgagee. In this regard the court notes the decision of the California Supreme Court in Connor v. Great Western S. & L. Ass'n, 69 Cal.2d 850, 73 Cal. Rptr. 369, 447 P.2d 609 (1968). In an opinion by Chief Justice Traynor, that court held the mortgagee liable for the damage caused by the cost of repairing defects in the mortgaged premises. The court there stated:
The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are:
(1) The extent to which the transaction was intended to affect the plaintiff * * *
(2) The moral blame attached to the defendant's conduct * * *
(3) The policy of preventing future harm.[1]
In order to reach the result apparently required by Marini, i.e., habitable dwellings, it may well be necessary *235 to join third parties. Especially where the property in question is heavily mortgaged, some determination on the mortgagee's liability appears appropriate. The court need not decide this issue, however, as it is not presently before the court. As previously noted, joinder of these parties would be prohibited in an action for possession, thus preventing the county district court from ever reaching a determination on that issue. See R. 6:3-4. Removal would seem especially appropriate in those cases where it appears to the court that no final resolution of the issues involved can be adjudicated without the joinder of additional parties.
Unfortunately,
* * * the statute furnishes no guidelines for the solution of the question of what constitutes a case of `sufficient importance.' It is self evident that every tenant removal is of importance to both the landlord and tenant. It could be argued that every such case qualifies for removal to the Superior Court. [Marini v. Ireland, supra, 56 N.J. at 140]
Every motion for removal must therefore be considered on a case by case basis to achieve an equitable result. In making that determination, the court should be guided by certain guidelines, among which are:
The importance to the public good of the issues presented, in particular those cases where First Amendment constitutional rights may be involved, e.g., the right of tenants to organize and redress their grievances without threat of retaliation;
The complexity of the issues presented, where discovery or other pretrial procedures are necessary or appropriate;
The amount in controversy, taking into account the alleged extensiveness of the defects and cost of repairs as well as the amount of rent claimed to be in default;
The need of equitable relief of a permanent nature, such as guarding against retaliatory measures or otherwise preserving the jurisdiction of the Court;
*236 The need for clarification or re-examination of the substantive law involved, requiring a right of appeal to the parties on non-jurisdictional matters;
The presence of multiple actions for possession arising out of the same transaction or series of transactions, such as where the dispossesses are based upon a concerted action by the tenants involved;
The appropriateness of class relief;
The need for uniformity of result, such as where separate proceedings are simultaneously pending in both the Superior Court and the County District Court arising from the same transaction or set of facts, and
The necessity of joining additional parties or claims in order to reach a final result.
In those cases in which one or more of these considerations are present, the court should grant removal. Thus, the mere fact that the amount in controversy is within the county district court's jurisdiction should not automatically preclude the Superior Court from hearing a controversy otherwise particularly suited for its jurisdiction.
In consideration of the foregoing, therefore, I grant defendant's motion for removal and consolidation, and the court will schedule these matters for full plenary hearing.
NOTES
[1] The Court also notes the case of Rice v. First Federal S. & L. Ass'n., Fla. App., 207 So.2d 22, 23 (1968) and the action of the California Senate in Bill No. 1304. This authority appears to negate the holding in Connor, supra, even though the facts in Rice, supra, are distinguishable. See also Pfeiler, "Lenders' Liability in Tract Financing." Legal Bulletin of United Savings and Loan League (Mar. 1969), at 85, and A.B.A. Journal 1002 (Oct. 1970), "What's New In The Law."