237 N.J. Super. 1 (1989)
566 A.2d 820
IVY HILL PARK APARTMENTS, PLAINTIFF-RESPONDENT,
v.
GNB PARKING CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 1989.
Decided October 17, 1989.
*2 Before Judges PRESSLER and LANDAU.
Robert Mahoney argued the cause for appellant (Wilentz, Goldman & Spitzer, attorneys; Robert Mahoney and Jonathan P. Falk on the brief).
Harold Goldman argued the cause for respondent (Goldman, Carlet, Garrison & Klein, attorneys; Harold Goldman and David B. Zolotorofe on the brief).
The opinion of the court was delivered by LANDAU, J.A.D.
Defendant GNB Parking Corporation (GNB) appeals from a judgment of the Law Division, Special Civil Part, Essex County, which granted the demand of its commercial landlord, plaintiff Ivy Hill Park Apartments (Ivy Hill), for removal of GNB and recovery of the leased property in a summary action pursuant to N.J.S.A. 2A:18-60.
Ivy Hill is a 2,100-unit high rise apartment complex located in Newark. It leased to GNB two large parking areas at the complex pursuant to a written lease agreement. In accordance with the default clause of the lease, on May 25, 1988 Ivy Hill gave written notice to GNB of certain specifically enumerated defaults, and afforded time to cure as provided in the default clause. On June 10, 1988, it forwarded a "Notice to Quit, Termination of Tenancy And Demand For Possession" to GNB. *3 Upon GNB's failure to vacate, the action for possession was instituted in the Special Civil Part.
GNB's motion for removal to the Superior Court, Law Division, was denied. Thereafter, following trial on October 14, 1988, continued on February 1, 1989, the trial judge found for the landlord and entered a warrant for removal on February 9, 1989. Removal was stayed subject to filing a supersedeas bond and other conditions.
On appeal, GNB first argues that the entire matter should have been transferred to the Law Division, as requested, because of the importance and complexity of the issues involved. We have reviewed carefully the several transcripts and appendices. The record demonstrates, as indeed the motion judge held, that the defaults alleged were straightforward and simple, calling for straightforward and simple cure or factual response by way of denial or explanation. There were no legal or equitable issues of complexity, such as title disputes, constructive trusts, class actions, injunctions, or the like which would be prejudiced by the absence of formal discovery or incapable of resolution in the Special Part. Compare Carr v. Johnson, 211 N.J. Super. 341, 348-349 (App.Div. 1986) (substantial equitable questions as to title); Morrocco v. Felton, 112 N.J. Super. 226 (Law Div. 1970) (consolidation with class action sought). The parties received a full and fair trial, and GNB has been afforded a full right to appeal, notwithstanding the use of the summary procedure.
The doctrine of mutually dependent covenants has been applied to commercial leases, see Reste Realty Corporation v. Cooper, 53 N.J. 444 (1969); Demirci v. Burns, 124 N.J. Super. 274 (App.Div. 1973); Westrich v. McBride, 204 N.J. Super. 550 (Law Div. 1984), so that GNB's defenses were not precluded in the Special Part trial.
Moreover, the only Morrocco v. Felton factor arguably present here was the large monetary value presumably at stake in the lease, although we note that the defaults to be tried were *4 not typical dollar issues, such as non-payment of rent or taxes. It is not necessary for us to agree or disagree with the questionable dicta in Morrocco, 112 N.J. Super. at 236, and Carr, 211 N.J. Super. at 349, that the presence of even one of the factors set forth in Morrocco deprives the motion judge of discretion to evaluate a given case, and automatically compels a transfer to the Law Division. We are instead satisfied that the nature of the defaults alleged and proved in this case were such that the failure to transfer did not result in prejudice to GNB, nor possess a clear capability of producing an unjust result. R. 2:10-2.
GNB's second argument addresses the asserted failure of the notice to quit to specify the cause for termination of the tenancy as required by N.J.S.A. 2A:18-53(c)(4). We reject this argument, and affirm, substantially for the reasons set forth in the opinion of Judge Honigfeld, 236 N.J. Super. 565 (Law Div. 1989), for which the record and the authorities provide ample support.
Affirmed.