619 A.2d 1340

DARIO LOPEZ, PLAINTIFF, v. MIGUEL MEDINA, DEFENDANT, AND DARIO LOPEZ, PLAINTIFF, v. RAFAEL MARTINEZ, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County
Special Civil Part

Decided December 22, 1992.

witness's admission that he was not told there was a "glut". The mere allegation that one unidentified individual *may* have made some statements which *may* amount to a misrepresentation, unsupported by any other evidence, and which in any event was not material, is insufficient to preclude the granting of summary judgment at this juncture.

*William K. Clarritt, Jr.,* for plaintiff Dario Lopez.

*Daniela Leavitt* (*R.* 1:21–3(b)) and *Joan Pransky,* for defendants Miguel Medina and Rafael Martinez.

CUMMIS, J.S.C.

I. Introduction

These cases are summary dispossess actions returnable December 3, 1992. Defendants and tenants Miguel Medina ("Medina") and Rafael Martinez ("Martinez") have brought this motion pursuant to *N.J.S.A.* 2A:18–60 and *R.* 6:4–1(g) to transfer these actions from the Special Civil Part to the Law Division of the Superior Court, and for consolidation.

## II. Facts

Medina and Martinez are tenants of the premises owned by Dario Lopez ("plaintiff"). There are no written leases; Medina and Martinez are under oral periodic tenancies (month-to-month). Both defendants speak little English.

Penn Federal Savings Bank owned the subject premises until June 1991. In or about June 1991, the property was purchased by Dacamlu Corporation, whose principals are Dario Lopez and Camilo Rodriguez.

On September 4, 1992, plaintiff filed separate summonses and complaints against Medina and Martinez. The complaints, which are essentially identical, state that the tenants each pay a monthly rent of $300.00. The first count alleges that Medina and Martinez are holdover tenants, and that Medina and Martinez were served with a written Notice Terminating Tenancy on May 29, 1992. That notice stated that plaintiff intended to personally occupy the premises, and demanded possession of the premises on August 1, 1992. Medina and Martinez continue in possession of their units. The second count alleges that Medina and Martinez have not paid the monthly rent from May 1992 through August 1992, totalling $1,200.00 for each tenant. Plaintiff seeks possession and costs.

The premises are alleged to be in a state of disrepair and defendants sought an inspection by the local Newark Inspection and Enforcements Division. There are other allegations: that plaintiff allowed the hot water to be shut off; that plaintiff has served defendants with various notices to vacate the premises; and that plaintiff has filed various summonses and complaints against Medina and Martinez for eviction.

Medina and Martinez brought a separate cause of action in the Law Division. Their Verified Complaint and Jury Demand, dated October 20, 1992 were filed early December 1992, against Dario Lopez, Camilo Rodriguez, Dacamlu Corporation and Penn Federal Savings Bank (collectively, "landlords"). Medina and Martinez allege the following: that landlords have engaged in

misrepresentation and in an unconscionable commercial practice, in violation of *N.J.S.A.* 56:8–2; that landlords have placed the tenants "in constant fear and danger to life and limb and [are forcing them] from the property," in violation of *N.J.S.A.* 2A:39–1 *et seq.;* that landlords have engaged in negligent misrepresentation; that landlords have breached the implied warrant of habitability; that landlords have intentionally inflicted emotional distress on tenants; and that landlords have engaged in retaliatory eviction, in violation of *N.J.S.A.* 2A:42–12 *et seq.*

In their Verified Complaint, Medina and Martinez seek a judgment by the court for equitable relief, damages, punitive damages, attorney fees and costs, and other relief that the court deems just and equitable.

On December 16, 1992, this court heard oral argument as to whether the summary dispossess actions should be transferred to the Law Division and subsequently consolidated.

III. Discussion

*N.J.S.A.* 2A:18–60 provides that "[a]t any time before an action for removal of a tenant comes on for trial, either the landlord or person in possession may apply to the superior court, which may, if it deems it of sufficient importance, order the cause transferred from the Special Civil Part to the Law Division." *N.J.S.A.* 2A:18–60 (Amended by L.1991, c. 91, section 66, eff. April 9, 1991). Accordingly, the issue in this case is whether this court deems it "of sufficient importance" so as to grant an order for such a transfer.

A. *Discretion of the court.*

On application of either party, the Superior Court, in its discretion, can transfer a summary dispossession proceeding of leased premises from District Court. *Carteret Properties v. Variety Donuts, Inc.,* 49 *N.J.* 116, 130, 228 *A.*2d 674 (1967). Although it is a matter of discretion with the Superior Court to

decide whether a dispossess action is of sufficient importance, thus deserving removal, this exercise of discretion has certain limitations. *See Master Auto Parts, Inc. v. M & M Shoes, Inc.,* 105 *N.J.Super.* 49, 251 *A.*2d 135 (App.Div.1969); *see also Morrocco v. Felton,* 112 *N.J.Super.* 226, 270 *A.*2d 739 (Law Div. 1970). Discretion refers to legal discretion, where a trial court "must take account of the applicable law and the particular circumstances of the case to the end that a just result is reached. *Master Auto Parts, Inc. v. M & M Shoes, Inc., supra,* 105 *N.J.Super.* at 53, 251 *A.*2d 135 (citations omitted).

B. *Propriety of removal.*

*N.J.S.A.* 2A:18–59 provides that summary dispossess actions in the Special Civil Part are not appealable except on the ground of lack of jurisdiction. However, at any time before summary eviction trial, either party may request transfer of the case to the jurisdiction of the Law Division of the Superior Court. There, trial is by jury unless it is waived, and all judgments are appealable. *Randell v. Newark Housing Authority, C.A.,* 384 *F.*2d 151 (1967), *cert. denied,* 393 *U.S.* 870, 89 *S.Ct.* 158, 21 *L.Ed.*2d 139 (1967). Accordingly, an aspect of a case being "of sufficient importance" is the right to a jury trial and to an appeal.

The *Master Auto Parts* Court noted that the language of *N.J.S.A.* 2A:18–60 "of sufficient importance" lacked interpretation. That court referred to *McCrory Stores Corp. v. S.M. Braunstein, Inc.,* 99 *N.J.L.* 166, 169, 122 *A.* 814 (E. & A.1923):

It may not be out of place to add that the legislature has not left the tenant of a great store, factory, hotel, & c., wholly to the mercy of a small cause store; for by statute the tenant may ... apply to the justice of the [former] Supreme Court, who, if he deem the case of sufficient importance, may order a removal into the [former] Circuit Court,....

In *Master Auto Parts, Inc. v. M. & M. Shoes, Inc., supra,* the Law Division denied an application to a summary proceeding where there was a commercial building occupied by the tenant under a long-term lease, and the tenant had allegedly expended

large sums of money on improvements and establishing the reputation and good will of the tenant's business. The Superior Court, Appellate Division, held that the matter was "of sufficient importance" to require transfer to the Law Division. *Id.*, 105 *N.J.Super.* at 53–54, 251 *A.*2d 135.

In this case, Medina and Martinez have an oral periodic tenancy. They do not have a commercial lease and they have not invested substantial sums of time, effort and money into their dwellings. Thus, under *Master Auto Parts, Inc. v. M. & M. Shoes, Inc., supra,* Medina and Martinez would not have a *per se* case "of sufficient importance" so as to require transfer to the Law Division.

However, "[s]ince summary eviction proceedings are now heard by the Superior Court judges in Special Civil Part, that consideration no longer seems pertinent. More relevant are the criteria for transfer suggested in *Morrocco v. Felton, [supra]* and approved by this court in *Carr v. Johnson,* 211 *N.J.Super.* 341, 349, 511 *A.*2d 1208 (App.Div.1986)." *Bloomfield Tp. v. Rosanna's,* 253 *N.J.Super.* 551, 562, 602 *A.*2d 751 (App.Div. 1992).

In *Morrocco v. Felton, supra,* every motion for transfer is to be considered on a case-by-case basis. If one or more of the following considerations are present in a particular case, the court should grant the transfer:

[1] ] The importance to the public good of the issues presented, in particular ... First Amendment constitutional rights ...;

[2] ] The complexity of the issues presented, where discovery or pretrial procedures are necessary or appropriate;

[3] ] The amount in controversy, taking into account the alleged extensiveness of the defects and costs of repairs as well as the amount of rent claimed to be in default;

[4] ] The need of equitable relief of a permanent nature, such as guarding against retaliatory measures or otherwise preserving the jurisdiction of the Court;

[5] ] The need for clarification or re-examination of the substantive law involved, requiring a right of appeal to the parties on non-jurisdictional matters;

[6)] The presence of multiple actions for possession arising out of the same transaction or series of transactions, such as where the dispossesses' are based upon a concerted action by the tenants involved;

[7)] The appropriateness of class relief;

[8)] The need for uniformity of result, such as where separate proceedings are simultaneously pending in both the Superior Court and the County District Court arising from the same transaction or set of facts, and

[9)] The necessity of joining additional parties or claims in order to reach a final result. *Id.*, 112 *N.J.Super.* at 235–36, 270 *A*.2d 739.

In *Morrocco v. Felton, supra,* there were seventeen dispossess proceedings from County District Court, claims that the landlord violated the implied warranty of habitability in the common areas of the apartment complex, and the tenants withheld rent in excess of $3,000.00. Declaratory and injunctive relief as well as damages were requested. The Superior Court, Law Division, held that these factors were "of sufficient importance" so as to require removal. *Id.*, at 236, 270 *A*.2d 739.

In *Carr v. Johnson*, 211 *N.J.Super.* 341, 511 A.2d 1208 (App.Div.1986), the court held that the equitable defenses and remedies raised in summary dispossess proceedings were substantial issues directed to title of the property in question, thus requiring removal. In that case, the issues were complex enough to require discovery concerning the relationship between the purported landlord and tenant. Those issues were the amount of money held by the tenant, reasons for payments, relationship of payments to the amount of property tax, and circumstances leading to the conveyance of the property.

In this case, the summary dispossess actions arise under *N.J.S.A.* 2A:18–61.1, for nonpayment of rent and personal occupancy by the owner or purchaser of the unit. Medina and Martinez contend that removal to Law Division is proper for the following reasons: that there are multiple parties and claims upon consolidation with the separate suit in the Law Division; that "[t]he complexity of the issues presented" in this case warrants discovery; that the amount in damages that Medina and Martinez seek are high; and that there is a "need of equitable relief of a permanent nature, such as guarding

against retaliatory measures or otherwise preserving the jurisdiction of the Court."

In *Ivy Hill Park Apts. v. GNB Parking*, 237 *N.J.Super.* 1, 566 *A.2d* 820 (App.Div.1989), the Appellate Division affirmed the lower court, stating that:

> ... the defaults alleged were straightforward and simple, calling for straightforward and simple cure or factual response by way of denial or explanation. There were no legal or equitable issues of complexity, such as title disputes, constructive trusts, class actions, injunctions or the like which would be prejudiced by the absence of formal discovery or incapable by resolution in the Special Civil Part." *Id.*, at 3, 566 *A.2d* 820 (citations omitted).

In *Ivy Hill Park Apts. v. GNB Parking, supra,* the lower court had denied the tenant's motion for removal to the Law Division in an action for possession of the leased parking areas of an apartment complex. The Appellate Division held that the defaults were straightforward, and that a failure to transfer the case to the Law Division did not result in prejudice to the tenant.

The *Ivy Hill* Court also stated that the "only *Morrocco v. Felton* factor arguably present [there] was the large monetary value presumably at stake in the lease, although [they noted] that the defaults to be tried were not typical dollar issues, such as nonpayment of rent or taxes." *Id.*, at 3–4, 566 *A.2d* 820. These summary dispossess actions concern dispossession for owner occupancy and for nonpayment of rent, with a possible abatement in rent if defendants are successful in their defense. This court's December 15, 1992 Order requires "that two-thirds (⅔) of the sums which are so deposited by the Defendant ... be immediately released to the Plaintiff for the sole purpose of providing essential services and maintaining the premises...." The damages sought in the Verified Complaint are not ascertainable at this juncture, especially considering that Medina and Martinez are seeking pecuniary as well as nonpecuniary losses. Accordingly, it is the Law Division suit, rather than the summary dispossess actions, which speculates a large recovery in damages.

Whether equitable relief of a permanent nature against retaliatory measures is necessary is also questionable. This court's December 15, 1992 Order, requiring plaintiff to provide essential services and maintain the premises, minimizes any alleged retaliatory actions by plaintiff in the interim. Prolonged adjudication for possession, resulting from a transfer to the Law Division, would only increase the need for equitable relief.

Furthermore, two tenants in a three-unit building bringing an action against landlords is not a "class action" as contemplated in *Morrocco v. Felton, supra.* In *Morrocco v. Felton, supra,* there were seventeen summary dispossess actions against the landlord.

Accordingly, the only meritorious argument for transfer to the Law Division is that, upon consolidation, there are multiple parties and claims. However, the separate suit which includes the multiple parties and claims is already in the Law Division.

In essence, then, these two summary dispossess actions must be "of sufficient importance" so as to require transfer to the Law Division, inclusive of concerns as to the availability of an appeal and a jury trial. In the alternative, the summary dispossess actions would be consolidated and tried in the Special Civil Part, whereby defendants can raise a defense of a breach of the implied warranty of habitability. The separate suit with the multiple parties and claims would remain in the Law Division, and would be tried there with the availability of an appeal and a jury trial.

The *Ivy Hill* Court stated that "[i]t is not necessary for us to agree with the questionable dicta in *Morrocco, [supra],* that the presence of even one of the factors set forth in *Morrocco* deprives the motion judge of discretion to evaluate a given case, and automatically compels a transfer to the Law Division." *Id.,* at 4, 566 *A.*2d 820.

In this case, it is clear that multiplicity of parties and claims rests solely with the cause of action filed by Medina and

Martinez in the Law Division. The two summary dispossess actions are simple, and failure to transfer them to and consolidate them in the Law Division will not prejudice the parties nor produce an unjust result. *See id.* Res judicata and collateral estoppel may preclude further adjudication on the issues of possession and of breach of the implied warranty of habitability, but they will have no effect on the tort claims in the Law Division, and rights to an appeal and a jury trial as to the tort claims remain intact.

Transfer of these summary dispossess actions to the Law Division may deny plaintiff from repossessing the premises in an expeditious manner. Summary dispossess actions in the Special Civil Part are statutory proceedings intended to accord landlords an expeditious, inexpensive, uncomplicated and effective means of repossessing leased premises, thereby avoiding delays inherent in common law ejectment actions.

That said, the interest in judicial economy resulting from a transfer to and a consolidation in the Law Division is relatively minor. Moreover, such a transfer and consolidation in this case would only add to confuse a jury.

IV. Disposition

In exercising its discretion, this court not only considers the applicable law and the circumstances of this case, but also the concern for a just result. For the above reasons, defendants' motion to transfer these matters to the Law Division is hereby denied. The above summary dispossess actions shall be consolidated and tried in the Special Civil Part.