**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2837-23

360 PARKER STREET LLC,

    Plaintiff-Respondent,

v.

EVA SOTO,

    Defendant-Appellant.

_____

Argued April 29, 2025 – Decided June 16, 2025

Before Judges Sumners and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. LT-002025-24.

Maria D. Castruita argued the cause for appellant (Essex-Newark Legal Services, attorneys; Maria D. Castruita, of counsel and on the briefs; Hani Bou Saleh, on the briefs).

Charles Dawkins, Jr., argued the cause for respondent.

PER CURIAM

Defendant Eva Soto appeals Special Civil Part orders: (1) denying her motion to consolidate and transfer a landlord-tenant complaint filed by plaintiff 360 Parker Street, LLC to the Chancery Division, General Equity Part, due to her challenge of its ownership of 360 Parker Street in Newark ("property" or "home"); and (2) entering judgment of possession in favor of 360 Parker Street. Because we conclude the Special Civil Part lacked jurisdiction to decide the disputed issue of ownership, we reverse the orders and remand the matter to the Chancery Division, General Equity Part, for disposition.

Landlord-Tenant Complaint Filing & Disposition

On February 1, 2024, 360 Parker Street, represented by William Enrique Agrait, Esq., filed a landlord-tenant complaint in the Special Civil Part against Eva[1] as tenant alleging non-payment of rent for the property from October 2023 to February 2024, totaling $10,500. 360 Parker Street asserted it "acquire[d] ownership of the property from the tenant;" it "has not given the tenant(s) an option to purchase the property;" it "has registered the leasehold and notified tenant as required by N.J.S.A. 46:8-27;" and tenant "reside(s) in and has [] been in possession of these premises since 10/01/2013 under . . . oral agreement."

_____

[1] We refer to Eva by her first name to avoid confusion with her husband Ramon, who passed away in March 2020 and with whom she shared a last name. We mean no disrespect.

A-2837-23

That same day, 360 Parker Street filed a certification of lease and registration statement (lease certification) for the Newark property. The lease certification acknowledged, "[t]he lease that is the subject of this action is . . . not the subject of a written agreement."

At trial call on March 19, 2024, Eva requested an adjournment so that she could seek to transfer the matter to the Chancery Division, General Equity Part. She contended 360 Parker Street became title owner to the property through a foreclosure scam and, due to equity, it was not the legal owner of the property. The court granted an adjournment to April 2 and allowed the parties to file written submissions in support of their positions regarding the parties' purported landlord-tenant relationship. At the hearing, Eva indicated a complaint and motion to transfer was e-filed with the Chancery Division's foreclosure unit. The filing is not part of the record before us.

Arguments & Documents Regarding 360 Parker Street's Ownership[2]

In March 2000, Eva and her late husband, Ramon Soto, (collectively Sotos) purchased the property for $160,000 through a purchase money mortgage

---

[2] On the record before us it is unclear what, if any, written submissions were filed with the court in advance of the April 2 hearing. The parties' arguments and the documents are gleaned from the record of the April 2 hearing.

in the amount of $155,000 with the owner, Gary Thomas.  In 2007, the Sotos did not pay a $759.12 property tax assessment, which culminated in a municipal tax lien bought by a third party.

In August 2011, the Sotos' debt amounted to $874.19, leading to a foreclosure complaint against them.  In response to the foreclosure action, Ramon contacted Angel Nieves, a landlord whom Ramon had done repair work for, to seek guidance.  Eva contends Nieves offered a "rescue plan that involved [] [him] making a loan to the Sotos and the Sotos, in the form of collateral to [ensure] repayment of the loan, transferring title in their home to 360 Parker Street."

According to Eva, Ramon and Nieves met on September 30, 2011, in the office of Neives' counsel, William Enrique Agrait, for a real estate closing.  Eva asserts Agrait told Ramon that "if [she and her husband] made monthly payments of $2,100 to [] Nieves for the next twelve (12) years, the loan would be repaid and they would regain title to their home."

The HUD-1 settlement sheet and related documents show that Nieves' company, 360 Parker Street:  bought the property for $138,388.01; assumed the

A-2837-23

Sotos' purchase money mortgage note with Thomas[3] with an outstanding balance of $110,909.78 at an annual interest rate of six percent with monthly payments of $887.14, from October 1, 2011 to September 1, 2023; paid $20,000 toward the outstanding balance of the Sotos' purchase money mortgage note, reducing the principal to $90,909.78; paid off foreclosure liens of $28,200.88; and obtained a deed to the property executed by the Sotos, reciting a consideration of $138,388.

As for the Sotos, the HUD-1 settlement sheet reflects that they were charged settlement costs of $746.35 and paid $650 at the closing. It appears that the Sotos did not have an attorney represent them in the transfer of title to their home to 360 Parker Street. The HUD-1 lists attorney Agrait as the settlement agent, and he also prepared the mortgage assumption note. The record is unclear what role Agrait played in the closing beyond that.

In September, 2023, Eva, who continued to make payments after her husband's death, made the final payment to 360 Parker Street and contacted Nieves to retrieve title to the property. A month later, Nieves instead offered

---

[3] Thomas passed away in January 2008 and his estate devised his interest in the property to Katelin Thomas.

her a property lease agreement, which she refused to sign or make any further payments because "she had completed her end of the bargain."

## Special Civil Part Ruling

On April 2, 2024, after hearing the parties' arguments and considering documents submitted into evidence related to 360 Parker Street's acquisition of title, the court denied Eva's motion, because "all of the evidence . . . indicates that the Sotos were paying rent, $2,100 every month for a long time. They were not making payments to pay[ ]off the mortgage." The court then, after taking testimony from Neives and Eva regarding Neives' nonpayment of rent complaint, entered judgment for possession in favor of 360 Parker Street based upon nonpayment of $14,700 in rent.

## Eva's Appeal

Before us, Eva argues the Special Civil Part lacked jurisdiction to resolve the parties' property title dispute and therefore her motion to consolidate and transfer the landlord-tenant complaint to the Chancery Division should have been granted and the judgment for possession should be vacated. We agree.

We review the decision to grant or deny a motion to transfer a landlord-tenant complaint from the Special Civil Part for abuse of discretion. Benjoray, Inc. v. Acad. House Child Dev. Ctr., 437 N.J. Super. 481, 486 (App. Div. 2014)

(citing Master Auto Parts, Inc. v. M. & M. Shoes, Inc., 105 N.J. Super. 49, 53 (App. Div. 1969)).  "A court abuses its discretion when its 'decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" State v. Chavies, 247 N.J. 245, 257 (2021) (quoting State v. R.Y., 242 N.J. 48, 65 (2020)) (alteration in original) (citation omitted).

"The summary dispossess statute, N.J.S.A. 2A:18-51 to -61, was designed to provide landlords with a swift and simple method of obtaining possession." Benjoray, 437 N.J. Super. at 486 (citing Carr v. Johnson, 211 N.J. Super. 341, 347 (App. Div. 1986)).  Nevertheless, transfer from the Special Civil Part is appropriate in cases involving "rights or issues too important to be heard in a summary manner."  Master Auto Parts, 105 N.J. Super. at 52; see N.J.S.A. 2A:18-60.  To that end:

> In general, a motion for transfer should be granted whenever the procedural limitations of a summary action (other than the unavailability of a jury trial) would significantly prejudice substantial interests either of the litigants or of the judicial system itself, and, because of the particular facts and circumstances of a specific case, those prejudicial effects would outweigh the prejudice that would result from any delay caused by the transfer.
>
> [Twp. of Bloomfield v. Rosanna's Figure Salon, Inc., 253 N.J. Super. 551, 563 (App. Div. 1992).]

A-2837-23

In making this determination, the court should consider "[t]he complexity of the issues presented, [and whether] discovery or other pretrial procedures are necessary or appropriate." Id. at 562 (quoting Morrocco v. Felton, 112 N.J. Super. 226, 235 (Law Div. 1970)).

The Special Civil Part mistakenly applied its discretion in denying Eva's motion to transfer. This case involves complex legal and equitable issues related to her ownership rights to a home where she has lived in for twenty-five years that are too important to be heard in a summary manner. The relevant facts about the Sotos' effort to avoid foreclosure of their home by transferring title to 360 Parker Street—an entity created by a person, Nieves, from whom Ramon supposedly solicited advice—are disputed. The court did not hear testimony from potential witnesses who may have knowledge about the title transfer. Eva was unable to raise counterclaims regarding her claim to the property. Moreover, Eva was prejudiced by the absence of formal discovery to establish that she and her husband were misled by Nieves and possibly others.

Our conclusion that this matter involves complex legal and equitable issues is buttressed by our concern that the circumstances surrounding 360 Parker Street's acquisition of title to the property and the tenancy court filings are questionable. There was no contract of sale. The Sotos received no

compensation for the "sale" of their home to 360 Parker Street, as it was offset by the mortgage being assumed by 360 Parker Street.  There is no written lease agreement between the parties.  Only after Eva notified Nieves that she made her last "loan" payment to 360 Parker Street and requested title to her home did Nieves propose that she sign a lease agreement which increased the "monthly rent" to $2,250, after having paid $2,100 per month without an increase for twelve years.  Lastly, the same day 360 Parker Street filed a complaint with the tenancy court, it also documented a certification of lease and registration statement, as required by Landlord Registration Act, N.J.S.A. 46:8-27, after it allegedly had rented the property to Eva for twelve years.

Based upon our review of the motion record, the evidence does not support the court's findings that there was a preponderance of evidence that the parties had a landlord-tenant relationship.  See In re D.L.B., 468 N.J. Super. 397, 416 (App. Div. 2021) (quoting Cesare v. Cesare, 154 N.J. 394, 411 (1998)) (holding the trial court's findings "are binding on appeal when supported by adequate, substantial, credible evidence.").  The documents and the purported circumstances surrounding 360 Parker Street's acquisition of title raises serious concerns that call for disposition in the Chancery Division.  Eva was not afforded a full and fair trial in the Special Civil Part, and 360 Parker Street is

A-2837-23

not substantially prejudiced by the delay caused by transferring the matter to a court with appropriate jurisdiction to conduct a plenary hearing. The judgment for possession is vacated. We take no position on the outcome of this matter.

Reversed and remanded to the Chancery Division, General Equity. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

10

A-2837-23