128 N.J. Super. 225 (1974)
319 A.2d 747
CEIL LEVINE, AGENT FOR ELMWOOD VILLAGE, PLAINTIFF-APPELLANT,
v.
CHARLES R. SEIDEL, MARY MORRIS, NAT MOSER, JOHN ECONOMOU, JOHN COSGROVE, JOSEPH BRAUN, RONALD YOUNG, ANNA FREED, CLAUDE J. FARIA, JOHN EITEL, DON SUMMERFORD, MANUEL CAMPOS, HAROLD BARDROFF, ROSARIO MARICCHIOLO, DONALS FORREN, HENDRIK HUMMEL, VINCENT BAIARDI, AND MEYER PERLMUTTER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 25, 1974.
Decided May 7, 1974.
*226 Before Judges COLLESTER, LYNCH and MICHELS.
Mr. Dennis Alan Cipriano, attorney for appellant.
Mr. William Goldberg, attorney for respondents.
The opinion of the court was delivered by MICHELS, J.A.D.
This is an appeal by plaintiff rental agent for Elmwood Village, an apartment complex located *227 in East Paterson, New Jersey, from judgments entered in 19 dispossess proceedings which were consolidated for trial in the Bergen County District Court.
Plaintiff instituted these summary dispossess actions against defendants for nonpayment of rent for the months of April and May 1973. Defendants were all month-to-month tenants in the apartment complex. The record establishes that sometime in 1972 complaints were made by the tenants to the Internal Revenue Service charging that the rents fixed by Elmwood Village were in excess of the rents established under the Price Commission Rules and Regulations promulgated under the Economic Stabilization Act of 1970. As a result of the complaints, investigation was undertaken by the Internal Revenue Service. While the record is rather sparse, apparently an agreement was arrived at between the landlord and the Internal Revenue Service pursuant to which a refund or adjustment in the rents was made for the period through January 31, 1973. Specifically, with respect to defendant Seidel the amount of the "adjustment/roll-back" was indicated by the District Director of the Internal Revenue Service to be $144, and a check in that amount was sent by Elmwood Village to Seidel.
The trial court considered evidence of this adjustment or roll-back and determined that the refund represented an overcharge in rent for the period involved and reduced the monthly rent of each defendant tenant by a proportionate amount of the refund. The court further ruled that even though the rent regulations expired on January 10, 1973, the monthly rent for April and May did not automatically revert to the prior level, and plaintiff's attempt to raise it was invalid by reason of her failure to give proper notice to the tenants. The court thereupon determined the arrearages due from each defendant and entered an order for possession, but gave each defendant three days within which to pay the amount of the arrearages.
Plaintiff appeals, contending that (1) defendants failed to establish that the amount of the rent was less than that *228 claimed by plaintiff and therefore she was not required to give notice to the tenants in order to be entitled to the original monthly rental; (2) the trial judge erred in considering the settlement arrived at between the landlord and the Internal Revenue Service in reaching the conclusion that the rent charged defendants was in violation of the federal regulations and in determining the amount of rent for each apartment, and (3) the county district court did not have jurisdiction or power to reform, reduce or modify the original rental agreement. Our careful study of plaintiff's brief indicates that the actual thrust of her appeal is that the court erred in considering evidence of the refund or adjustment in rents agreed upon by Elmwood Village with the Internal Revenue Service in determining the monthly rental and the amount of arrearages due from each defendant.
Summary actions for possession may be instituted in accordance with N.J.S.A. 2A:18-53, which in part provides:
Any lessee or tenant at will or at sufferance, or for a part of a year, or for 1 or more years, of any houses, buildings, lands or tenements, and the assigns, undertenants or legal representatives of such tenant or lessee, may be removed from such premises by the county district court of the county within which such premises are situated, in an action in the following cases:

* * * * * * * *
b. Where such person shall hold over after a default in the payment of rent, pursuant to the agreement under which the premises are held.
N.J.S.A. 2A:18-59 provides:
Proceedings had by virtue of this article shall not be appealable except on the ground of lack of jurisdiction. The landlord, however, shall remain liable in a civil action for unlawful proceedings under this article.
The latter statute permits review of the county district court judgment only on the question of lack of jurisdiction. In this regard, our cases in dealing with N.J.S.A. 2A:18-53 "have hewed a line separating the `jurisdictional' *229 issue from meritorious ones. The established principle is that the trial court had jurisdiction if there was evidence from which it could find a statutory basis for removal. If that test is met, the judgment must be affirmed even though it is otherwise infected with error." See Vineland Shopping Center, Inc. v. DeMarco, 35 N.J. 459, 464 (1961); Marini v. Ireland, 56 N.J. 130, 138 (1970); Terrill Manor, Inc. v. Kuckel, 94 N.J. Super. 25, 27 (App. Div. 1967), and Academy Spires, Inc. v. Jones, 108 N.J. Super. 395, 399 (Law Div. 1970).
The jurisdictional issue of "default in the payment of rent" set forth in N.J.S.A. 2A:18-53 encompasses the question of whether the amount of rent alleged to be in default is due, unpaid and owing, not only whether it is due and unpaid. Marini v. Ireland, supra, 56 N.J. at 139. Cf. Brookchester Inc. v. Matthews, 118 N.J. Super. 565, 571 (Cty. D. Ct. 1972), wherein the Bergen County District Court held that rent in excess of the rent allowed under the Price Commission Rules and Regulations promulgated under the Economic Stabilization Act of 1970 was not legally owing, and that the court had jurisdiction in a summary dispossess proceeding to determine whether the rent was in excess of such rules and regulations.
Here, it is perfectly clear that the court below had jurisdiction to determine the amount of rent that was due and owing by each defendant and to determine the amount of the arrearages for the months of April and May. Plaintiff instituted these summary dispossess proceedings, and does not challenge the jurisdiction of the court on this appeal, but rather seeks to vacate and modify the judgments below in accordance with her contention as to the proper monthly rental due from each defendant. Obviously, this is a matter that may not be reviewed on appeal in view of the explicit language of N.J.S.A. 2A:18-59.
We note that matters determined in a summary action for possession under N.J.S.A. 2A:18-53, as in the 19 consolidated cases below, are not res judicata in a subsequent action *230 between the landlord and tenant even over the same subject matter. Cf. Vineland Shopping Center, Inc. v. DeMarco, supra, 35 N.J. at 462; Academy Spires, Inc. v. Jones, supra, 108 N.J. Super. at 400; Schlesinger v. Brown, 116 N.J. Super. 500, 502 (Cty. D. Ct. 1971); 18 N.J. Practice (McDonough, Landlord-Tenant Proceedings) (2d ed. 1971), § 1567 at 304.
Since the present appeal is not being pursued on the ground of lack of jurisdiction of the county district court in the summary dispossess proceedings, we have no jurisdiction over this appeal, and the appeal therefore is dismissed.