201 N.J. Super. 352 (1985)
493 A.2d 56
HOUSING AUTHORITY OF THE CITY OF EAST ORANGE, PLAINTIFF-APPELLANT,
v.
MILDRED MISHOE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 3, 1984.
Decided May 20, 1985.
*354 Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.
Edward Stanton, for appellant.
Respondent did not file a brief.
The opinion of the court was delivered by GAYNOR, J.A.D.
In this summary dispossess action, plaintiff landlord appeals from the dismissal of its complaint for possession of an apartment *355 located in a public housing project sought because of defendant-tenant's alleged violation of a lease provision concerning the use of a washing machine. The appeal raises substantive issues of contract law as well as the procedural question of appellate jurisdiction. We are satisfied that our review is not barred by N.J.S.A. 2A:18-59 and in our view the complaint was improperly dismissed.
Defendant's lease for a three-bedroom apartment in the project owned by plaintiff contained the following provision regarding the installation of appliances:
... Tenant shall not cause the installation of any major appliance, such as air-conditioner, freezer, washing machine, clothes dryer, or dish washer, except where Landlord has given written authorization for such installation....
On several occasions prior to August 23, 1983 notices had been sent to defendant concerning the use of a washing machine in her apartment and indicating that this constituted a breach of the lease. Defendant had not been granted permission to install the washing machine as it was plaintiff's policy never to authorize the use of such an appliance. A laundromat on the first floor of the building was provided by plaintiff for the tenants' use. Each of the notices was accompanied by a letter from the housing manager advising defendant that an inspection of the apartment would take place on a specified future date. According to the manager, the washing machine was not seen when the inspections were made as, being a portable machine, it was removed just prior to the inspections and returned at a later date. However, in August 1983, after having received a damage report from the tenant occupying the apartment beneath defendant's and after seeing water coming into the lower apartment, the manager entered defendant's apartment and found the washing machine there. Accordingly, the notice of August 23rd was sent terminating the tenancy and giving defendant notice to quit effective October 1, 1983. Defendant failed to vacate the premises and the present action was instituted.
*356 The trial court found that defendant had installed a washing machine in her apartment. However, the court interpreted the cited lease provision as permitting the tenant to understand that authorization for the use of a washing machine would not be unreasonably withheld by the landlord and that the blanket refusal to grant such permission was unreasonable and constituted a breach of the lease. The judge also found plaintiff had waived its rights under the lease by not acting upon one or more of the notices which had previously been served upon defendant. Although the court recognized that the unrestricted installation and use of washing machines in the apartments could, because of the limitations of the building's water drainage system, present a potentially damaging situation for the project, he observed the landlord could obtain appropriate relief by suing the tenant responsible for any resulting damage.
The complaint in this matter sought possession of the premises pursuant to N.J.S.A. 2A:18-61.1,[1] which provides in pertinent part:
No lessee or tenant ... may be removed by the county district court or the Superior Court from any house, building, ... or tenement leased for residential purposes, ... except upon establishment of one of the following grounds as good cause:
* * * * * * * *
d. The person has continued, after written notice to cease, to substantially violate or breach any of the landlord's rules and regulations governing said premises, provided such rules and regulations are reasonable and have been accepted in writing by the tenant or made a part of the lease at the beginning of the lease term;
e. The person has continued, after written notice to cease, to substantially violate or breach any of the covenants or agreements contained in the lease for the premises where a right of reentry is reserved to the landlord in the lease for a violation of such covenant or agreement, provided that such covenant or agreement is reasonable and was contained in the lease at the beginning of the lease term; ...
In dismissing the complaint, the trial judge concluded that the lease provision regarding the use of washing machines in *357 the apartment was an unreasonable, and thus an unenforceable, covenant of the lease. He also construed the lease as containing an implied covenant that the landlord's consent to defendant's use of a washing machine would not be unreasonably withheld and found a breach thereof by plaintiff.
Initially we consider whether this appeal is barred by that section of the summary dispossess statute which governs the appealability of such actions. N.J.S.A. 2A:18-59 states:
Proceedings had by virtue of this article shall not be appealable except on the ground of lack of jurisdiction. The landlord, however, shall remain liable in a civil action for unlawful proceedings under this article.[2]
It is established that the right of appeal in tenancy proceedings because of jurisdictional defects extends to the landlord as well as the tenant. This was made clear in Housing Authority, Newark v. West, 69 N.J. 293, 298 (1976) wherein the Court stated:
We conclude that the history of the statute does not support defendant's contention that only tenants, not landlords, may bring appeals from tenancy proceedings on jurisdictional grounds. Nor are we persuaded to arrive at such a construction of the act for policy reasons. As will be presently seen, the jurisdictional basis for appeals by tenants in dispossess actions has been vastly expanded as a result of our decision in Marini v. Ireland, 56 N.J. 130 (1970). Pending any revision of this statutory subject matter by the Legislature  an undertaking obviously needed  our view is that it is consistent with sound policy that the appellate standing of landlords and tenants in this area should continue on a parity.
Accordingly, this court in C.F. Seabrook Co. v. Beck, 174 N.J. Super. 577 (App.Div. 1980), entertained an appeal by the landlord in a summary dispossess action in which the trial judge not only awarded a generous rent abatement to the tenant but also made the abatement retroactive to the commencement of the lease, as the granting of such relief presented a substantial question of whether the court had exceeded its jurisdiction.
*358 Prior to Marini, the cases distinguished between jurisdictional and meritorious issues in dispossess proceedings even though the same facts established the elements crucial to the proof of each of these issues. Vineland Shopping Center, Inc. v. DeMarco, 35 N.J. 459, 464 (1961). However, it has been noted that the effect of Marini, at least for purposes of the right of appeal by tenants, was substantially to eliminate this distinction between meritorious errors and jurisdictional defects. As Judge Conford observed in Housing Authority, Newark v. West, 69 N.J. at 299-300:
The conceptual fog in the supposed distinction between meritorious errors and jurisdictional defects was considerably dissipated by the decision of this court in Marini v. Ireland, supra. The effect of the decision, at least for purposes of the right of appeal by tenants, was substantially to eliminate the distinction. There, where the landlord's right to dispossess was founded upon non-payment of rent, the court held that determination by the trial court of the amount of rent due went both to the merits and to jurisdiction. 56 N.J. at 139, 140. While we do not need to decide the point here, and we reserve it, see Levine v. Seidel, 128 N.J. Super. 225 (App.Div. 1974), certif. den. 65 N.J. 570 (1974), it would, in the light of Marini, appear logical for a landlord aggrieved by a determination as to the amount of rent owing, to argue that a jurisdictional error has been made, giving him a right to appeal.
If the appellate standing of landlords and tenants with respect to dispossess actions is to be on a parity, then the same liberality afforded to tenants in the judicial interpretation of "lack of jurisdiction" must also be accorded to landlords. Such parity is achieved only by the substantial elimination of the distinction between meritorious errors and jurisdictional defects for the purposes of an appeal by a landlord as well as by a tenant. While Levine v. Seidel, 128 N.J. Super. 225 (1974), certif. den. 65 N.J. 570 (App.Div. 1974), seemingly is to the contrary, we suggest its holding is not in accord with the jurisdictional concepts now applicable to dispossess action. See C.F. Seabrook Co. v. Beck, 174 N.J. Super. at 585-586. Thus, as a determination in a dispossess proceeding that the proofs fail to evidence a default under the rental agreement provides an appealable issue for the tenant, Marini v. Ireland, 56 N.J. at 140, equality of treatment requires that such a determination *359 also accord appellate standing to the landlord.[3] As we discern no real difference between a tenant's default under a lease and a violation of the terms of the lease, with respect to the landlord's assertion of his right of possession, the failure in the present case to prove a violation by defendant goes to the question of jurisdiction thereby providing either party the opportunity of obtaining appellate relief.
Moreover, as we consider the evidence warranted a judgment for possession, the trial court also may have exceeded its jurisdiction in dismissing the complaint as under N.J.S.A. 2A:18-57 a warrant of removal must issue unless "no sufficient cause is shown to the contrary...."
As indicated, the trial judge considered the lease provisions regarding the use of washing machines in the apartment as being unreasonable. While there can be no real disagreement with the judge's observation that a washing machine is generally accepted as a regular household appliance, it does not necessarily follow that tenants of an apartment building may not be precluded from having this appliance in their apartments because of the inadequacy of the building's drainage system and the consequent flooding and sewage backups. The uncontroverted evidence in this case indicated that defendant's use of her washing machine caused a back up in the kitchen sinks in the apartments beneath defendant, causing health hazards and water damage. Under these circumstances, it cannot be said that plaintiff's policy of prohibiting the use of washing machines in the project was unreasonable. See Housing Auth., Atlantic City v. Coppock, 136 N.J. Super. 432, 435 (App.Div. 1975); Terhune Courts v. Sgambati, 163 N.J. Super. 218 (Cty. D.Ct. 1978), aff'd o.b. 170 N.J. Super. 477 (App.Div. 1979), certif. den. 84 N.J. 418 (1980).
*360 We also disagree with the trial judge's conclusion that plaintiff breached an implied covenant of the lease by unreasonably withholding its consent to defendant's use of the washing machine. Initially we note that the record does not contain any indication that defendant sought such permission. If authorization was not requested then it could not have been unreasonably withheld. Moreover, a covenant in a lease can arise by implication only from some specific language of the lease or because it is indispensable to carry into effect the purpose of the lease. Marini v. Ireland, 56 N.J. 130, 143 (1970). The language of the subject lease is not ambiguous and thus does not give rise to any implication because of a required construction. It clearly and simply says that no washing machines may be installed by the tenant without the advance authorization of the landlord. To interpret such provision as meaning the landlord's permission would not be unreasonably withheld would amount to an impermissible rewriting of the lease agreement. See Brower v. Glen Wild Lake Co., 86 N.J. Super. 341, 346 (App.Div. 1965), certif. den. 44 N.J. 399 (1965). Further, the implied covenant found by the trial judge was not indispensable to an effectuation of the purpose of the lease, which was to provide housing at a specified rental. The installation of washing machines in the apartments was not necessary as laundry facilities were provided on the first floor of the building. However, even if by implication plaintiff was obliged not to unreasonably withhold authorization for the use of washing machines, its refusal to grant such permission could not be considered unreasonable in view of the drainage limitations and the potential damage to other apartments resulting from the use of these appliances.
The judgment of the trial court is reversed and the matter is remanded to the Superior Court, Special Civil Part, Essex County, for the entry of an order providing that judgment for possession will issue in the event defendant does not remove the washing machine from the subject premises within ten days *361 of the service of a copy of said order upon defendant. We do not retain jurisdiction.
NOTES
[1] This statute is amendatory of N.J.S.A. 2A:18-53.
[2] The problem presented by N.J.S.A. 2A:18-59 may have been eliminated by the incorporation of the County District Courts into the Superior Court, N.J.S.A. 2A:4-3c, and the constitutional guarantee of the right of appeal. N.J. Const. (1947), Art. VI, § V, par. 2.
[3] Further, there is no logical reason why a landlord who prevails in having a case removed to the Superior Court under N.J.S.A. 2A:18-60 should have the opportunity of appellate review while a landlord who does not so prevail is precluded from seeking relief from substantive errors.