893 A.2d 8

VILLAGE APARTMENTS OF CHERRY HILL, N.J., PLAINTIFF–RESPONDENT, v. STUART NOVACK A/K/A STUART R. NO-VACK, AND RABBI SHLOMO PERR, GUARDIAN AD LITEM

FOR STUART NOVACK,[1] DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued November 14, 2005—Decided March 8, 2006.

---

[1] A motion to change the caption to include the name of Rabbi Shlomo Perr as guardian *ad litem* was granted by order dated June 15, 2005.

Before Judges CUFF, HOLSTON, JR., and GILROY[2].

*Anthony J. Brady, Jr.*, argued the cause for appellants.

*Francis J. Monari* argued the cause for respondent (*McKernan, McKernan & Godino*, attorneys; *Mr. Monari*, of counsel and on the brief).

The opinion of the court was delivered by

CUFF, P.J.A.D.

This appeal arises from a summary dispossess action brought by Village Apartments of Cherry Hill, N.J. (Village Apartments) against its tenant, defendant Stuart Novack. Novack is incompetent but his guardian was neither named as a party nor appeared at trial. We hold that the trial judge erred when he proceeded to try the case in the absence of defendant's guardian and reverse due to lack of jurisdiction.

---

[2] Judge Gilroy did not participate in oral argument. However, with the consent of counsel he has joined in this opinion. *R.* 2:13–2(b).

The complaint for possession was filed July 23, 2004, and alleged that on June 18, 2004, Novack willfully, or by reason of gross negligence, caused or allowed destruction, damage or injury to the premises. It is undisputed that Novack filled his bathtub with clothes, turned on the water and left the unit for hours. The clothes prevented the water from draining and water flowed throughout the apartment. The maintenance superintendent eventually saw water seeping beneath Novack's front door. Damages exceeded $15,000. The judge found that Novack did not act willfully, but found that his conduct constituted gross negligence and cause for removal and entered a judgment of possession. *N.J.S.A.* 2A:18-61.1(c).[3]

The grounds for appeal of a summary dispossess action are quite limited. In fact, such actions "shall not be appealable except on the ground of lack of jurisdiction." *N.J.S.A.* 2A:18-59. Jurisdiction includes subject matter jurisdiction, *see Marini v. Ireland,* 56 *N.J.* 130, 137, 265 *A.2d* 526 (1970) (complaint must allege facts giving rise to default to invoke jurisdiction of court); *Housing Authority of East Orange v. Mishoe,* 201 *N.J.Super.* 352, 358, 493 *A.2d* 56 (App.Div.1985) (a determination in a dispossess proceeding that the proofs fail to evidence a default under the lease implicates the jurisdiction of the court), and personal jurisdiction of the parties. The issue before this court is whether, absent a guardian, the court had personal jurisdiction of defendant to decide this matter.

In March 1985, the Superior Court of New Jersey, Camden County, declared Novack incompetent and appointed a guardian of his person and property. The trial judge in this summary dispossess action was aware of defendant's status. Novack's mother was named as his guardian and served in that role until October 2001.

---

[3] On October 21, 2004, appellant filed an order to show cause to enjoin the execution of the warrant of removal. The motion was denied. On January 20, 2005, Novack filed an emergent application seeking to stay the eviction proceedings. The matter was deemed non-emergent and stay pending appeal was denied.

On January 29, 2004, Rabbi Schlomo Perr was appointed to serve as substituted guardian. Rabbi Perr, however, failed to file the appropriate documentation, therefore, he had not been qualified as Novack's guardian in time for the September 2004 hearing.

Although Rabbi Perr was served in this case, he did not appear at the summary dispossess hearing on September 9, 2004. Novack was represented by counsel, but counsel made no motion to have a guardian *ad litem* appointed or to adjourn until Rabbi Perr could qualify and appear. Novack testified on September 9, 2004, but failed to appear on the adjourned date, September 15, 2004.[4] The trial continued and the judge granted possession to plaintiff.

█ "Every person of . . . sound mind may prosecute or defend any action in any court. . . ." *N.J.S.A.* 2A:15–1. Novack, however, had been declared incompetent. *N.J.S.A.* 3B:12–36 provides that "[i]f a guardian has been appointed as to the person of . . . an incapacitated person, the court shall have full authority over the ward's person. . . ." The statute further provides that "if a guardian has been appointed as to the estate of . . . an incapacitated person, the court shall have full authority over the ward's estate, and all matters relating thereto." *N.J.S.A.* 3B:12–49 provides that the court "may confer those powers upon a guardian of the estate." *See Estate of Bechtold,* 150 *N.J.Super.* 550, 553, 376 *A.*2d 211 (Ch.Div.1977) ("The legal effect of an adjudication of incompetency [or incapacity] is that the ward is divested of all control and management of his property."), *aff'd o.b.,* 156 *N.J.Super.* 194, 383 *A.*2d 742 (App.Div.1978). Here, the Letters of Guardianship extend to the person and property of defendant.

Our courts zealously protect the personal and property rights of incompetent parties. *E. Paterson v. Karkus,* 136 *N.J. Eq.* 286, 289, 41 *A.*2d 332 (Ch.1945). A mentally incapacitated person must be represented in an action by a guardian. *R.* 4:26–2(a). The purpose of this requirement is to protect the ward and his

---

[4] We were advised that defendant was homeless at the time, sleeping in the woods.

interests. *R.* 4:26–2; *cf. In re Grady*, 85 *N.J.* 235, 259, 426 *A.*2d 467 (1981) (the court, and inferentially a guardian, have the authority to protect the economic and property interests of an incompetent). If no guardian has been appointed, the mentally incapacitated individual shall be represented by a guardian *ad litem* appointed by the court. *R.* 4:26–2(a). In this case, a guardian *ad litem* was not appointed when the designated guardian did not appear. Plaintiff argues that Novack had the protection of attorney representation. This argument, however, fails to recognize the different roles played by an attorney and a guardian *ad litem.*

While the attorney acts as a zealous advocate for his client, the guardian *ad litem* determines for him or herself what action is in the ward's best interests and advocates for that position. *In re M.R.*, 135 *N.J.* 155, 173–74, 638 *A.*2d 1274 (1994). While the attorney provides services to the client, the guardian serves the court on the ward's behalf. The guardian *ad litem* is an independent factfinder who works to determine what action is in the ward's best interests and makes that recommendation to the court. *Id.* at 173, 638 *A.*2d 1274.

The presence of a guardian at a legal proceeding is not a matter of form. Indeed, we have vacated a judgment when the record reflects the absence of a guardian. In *Cohen v. Cohen*, 78 *N.J.Super.* 365, 366, 188 *A.*2d 616 (App.Div.1963), the plaintiff sought a re-conveyance of real estate which she and her husband had conveyed to two of their children. From Mrs. Cohen's trial testimony, this court concluded that she was not mentally competent at the time of the trial. *Id.* at 370, 188 *A.*2d 616. The court stated:

> We are not satisfied from the record that the plaintiff was mentally competent during the trial.... Under *N.J.S.[A.]* 2A:15–1 "every person of full age and sound mind may prosecute or defend any action in any court," and as provided by our court rules an incompetent person "shall be represented in an action by his guardian appointed in this State" or "by his guardian *ad litem* appointed by the court."
>
> [*Id.* at 372, 188 *A.*2d 616 (quoting *R.R.* 4:30–2).]

Recognizing the importance of protecting the rights of incompetent parties, the court vacated the trial court's judgment and remanded the matter with the instruction that a disinterested guardian or guardian *ad litem* be appointed. *Id.* at 374, 188 *A.*2d 616. The court further instructed that the guardian conduct his own investigation and make recommendations directed toward protecting the plaintiff. *Ibid.*

The present case is quite similar to *Cohen*. Like Mrs. Cohen, Novack was without the protection provided by a guardian. Although Novack was represented by an attorney, who argued vigorously for his position, in a judicial system which affords added protection to minors and incompetents, *Rule* 4:26–2(a), attorney representation alone is insufficient. Absent a guardian to advocate for Novack's best interests, the hearing should not have proceeded.[5] Novack qualified for and received Section 8 housing benefits. A recipient of these benefits risks inability to gain acceptance or selection by other landlords or sponsors if he is evicted for cause.[6] A guardian may have recommended that Novack not contest the eviction and seek alternative housing to preserve his Section 8 eligibility or to enhance his subsequent placement with another landlord. Under these circumstances, the trial should not have proceeded without the guardian.

We appreciate that an action for a judgment of possession is a summary proceeding and is designed to be litigated promptly. Here, when the designated guardian failed to appear, a guardian *ad litem* should have been appointed to represent Novack in this limited proceeding. This could have been accomplished with minimal delay to the ultimate disposition of the matter. That,

---

[5] The absence of a guardian at an eviction proceeding may cause substantial prejudice to the incompetent tenant. The continuing disqualification from Section 8 benefits or the inability to gain acceptance by a subsequent landlord also precludes this matter from being dismissed as moot.

[6] A landlord may consider a prospective tenant's occupancy history with prior landlords. A prospective landlord may consider such factors as a history of damaging units. *N.J.A.C.* 5:80–7.3(c)2.

however, was not done. Novack did not satisfy the "sound mind" requirement of *N.J.S.A.* 2A:15–1. Without the presence of his guardian or a guardian *ad litem,* the trial court lacked jurisdiction to adjudicate the matter. Therefore, the judgment of possession is reversed and the matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.