NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5162-12T3

BENJORAY, INC.,

     Plaintiff-Respondent,

v.

ACADEMY HOUSE CHILD
DEVELOPMENT CENTER,

     Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION**
>
> **October 16, 2014**
>
> **APPELLATE DIVISION**

Submitted September 10, 2014 — Decided October 16, 2014

Before Judges Fuentes, Ashrafi and O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Special Civil Part, Hudson County, Docket No. LT-4325-13.

Law Offices of Joseph Cicala, L.L.C., attorney for appellant (Mr. Cicala, on the brief).

Lonny Hirsch, attorney for respondent.

The opinion of the court was delivered by

O'CONNOR, J.A.D.

Following a summary dispossess hearing, plaintiff Benjoray, Inc. (landlord) obtained a judgment of possession against defendant Academy House Child Development Center (tenant), a

child care center.  Just before the hearing, the tenant unsuccessfully moved to have the matter transferred from the Special Civil Part to the Law Division.  Defendant appeals the denial of that motion and the judgment for possession.  We reverse.

I

On December 1, 2011, the landlord and tenant entered into a commercial lease.  The term of the lease, which commenced January 1, 2012, is five-years, with an option to renew for two additional five-year terms.  The monthly lease payment was $15,000 when the lease commenced but, under the lease, the rent increases by three percent every year.

Paragraph 11 of the lease indicates that, before signing the lease, the tenant inspected the premises, found them in satisfactory condition, and accepted the rental space "as is." A rider to the lease states in pertinent part:

> The tenant acknowledges that it has inspected and examined the rental space and has entered into this lease without any representations on the part of the landlord . . . as to the condition thereof and is leasing and accepting the rental space "as is" and "where-is."  No representations or promises, except as are specified herein, have been made on the part of the landlord . . . prior to or at the execution of this lease and the landlord is not bound by, and the tenant will make no claim on account of, any representation, promise, or assurance, expressed or implied, with respect to

> condition, repairs, changes, improvements, services, accommodations, concessions or any other matter, other than as contained herein.

The lease sets forth that the retail space comprises of "approximately" 3800 square feet on the ground floor and "approximately" 7400 square feet "below ground." Therefore, according to the lease, the total square footage is about 11,200 square feet.

In January 2013, the tenant found plans of the premises that revealed the square footage was only 9633.36 square feet, a fifteen percent difference from what was represented in the lease. Upon discovering this discrepancy, the tenant's attorney sent a letter to the landlord requesting that its attorney contact him. Not receiving a response, the tenant's attorney sent another letter to the landlord two weeks later and advised it was going to pay only $13,135.50 of the $15,450 rent due each month and deposit the difference into court.

A week later the landlord responded, countering it had retained an architect who determined that the square footage of the premises was actually 11,725.70 square feet. In addition, as the tenant had use of 401.04 square feet in the common area, the landlord concluded the tenant had a total of 12,126.74 in square feet, 926.74 more square feet than indicated in the lease.

 A-5162-12T3

On March 11, 2013, the landlord filed a complaint in the Special Civil Part seeking possession on the grounds the tenant failed to pay the full monthly lease payment of $15,450 in February and March 2013. The tenant responded by filing a motion to transfer the action to the Law Division. Attached to its motion was a verified answer and counterclaim the tenant had filed in the Special Civil Part, in which the tenant alleged that the landlord had breached the lease agreement by failing to provide premises as large as represented in the lease, and negligently misrepresented the actual size of the premises to induce the tenant to enter into the lease. The tenant sought compensatory damages of about $29,000, punitive damages, counsel fees and rescission of the lease agreement.

The trial court denied the motion to remove, finding the landlord's action for possession routine in nature and the issues raised by the tenant sufficiently uncomplicated to be handled in a summary dispossess proceeding. Specifically, the court concluded the tenant's concerns could be resolved by merely examining the language in the lease to see if the rent was to be based upon the square footage.

At the conclusion of the summary proceeding the court found the rent was not correlated to the square footage. Further, because the lease reflected that, before signing the lease, the

tenant had inspected the premises, accepted the rental space "as is," and was aware the square footage set forth in the lease was a mere approximation, the court held the tenant could not have been misled by what the lease represented were the dimensions of the premises. A judgment for possession was entered in favor of defendant.

## II

On appeal, the tenant claims the trial court erred by denying its motion to transfer the summary dispossess action to the Law Division, because the issues were complex and thus not amenable to adjudication in a summary proceeding. We agree.

The summary dispossess statute, N.J.S.A. 2A:18-51 to -61, was designed to provide landlords with a swift and simple method of obtaining possession. Carr v. Johnson, 211 N.J. Super. 341, 347 (App. Div. 1986). Nevertheless, either party to a summary dispossession proceeding may move to have the matter transferred to the Law Division. If it deems the issues before it of "sufficient importance," the court may in its discretion grant the motion for removal. N.J.S.A. 2A:18-60; Master Auto Parts, Inc. v. M. & M. Shoes, Inc., 105 N.J. Super. 49, 53 (App. Div. 1969). "[D]iscretion means legal discretion in the exercise of which the trial judge must take account of the applicable law and the particular circumstances of the case, to the end that a

just result is reached.  If he goes wide of the mark, the appellate court has a duty to act."  Ibid.

> In general, a motion for transfer should be granted whenever the procedural limitations of a summary action (other than the unavailability of a jury trial) would significantly prejudice substantial interests either of the litigants or of the judicial system itself, and, because of the particular facts and circumstances of a specific case, those prejudicial effects would outweigh the prejudice that would result from any delay caused by the transfer.
>
> [Twp. of Bloomfield v. Rosanna's Figure Salon, Inc., 253 N.J. Super. 551, 563 (App. Div. 1992).]

In Morrocco v. Felton, 112 N.J. Super. 226, 235 (Law Div. 1970), nine factors were suggested as guidelines to be used when determining whether a dispossess action should be transferred to the Law Division.  These nine factors were adopted by this court in Carr, supra, 211 N.J. Super. at 349, at least five of which remain viable.  Twp. of Bloomfield, supra, 253 N.J. Super. at 563.  These five factors are:

> (1) The complexity of the issues presented, where discovery or other pretrial procedures are necessary or appropriate;
>
> (2) The presence of multiple actions for possession arising out of the same transaction or series of transactions, such as where the dispossesses are based upon a concerted action by the tenants involved;
>
> (3) The appropriateness of class relief;

> (4) The need for uniformity of result, such as where separate proceedings are simultaneously pending in both the Superior Court and the County District Court arising from the same transaction or set of facts, and
>
> (5) The necessity of joining additional parties or claims in order to reach a final result.
>
> [Id. at 562-63.]

Factors two through five are inapplicable here but the first one does apply. The claims of negligent misrepresentation and breach of contract alleged here are too complicated to be disposed of in a summary dispossess hearing, not to mention that, given the allegations, the parties should be given the opportunity to conduct discovery.

The landlord argues the issues before the trial court were simple and thus could be disposed of readily in a summary dispossess hearing. As also perceived by the trial court, the landlord claims the only issue in dispute was whether the rent was based upon the square footage. We disagree. When it made its motion, the tenant claimed it was induced to enter the lease because of the landlord's representation of the size of the premises. While the rent may not have been tied to the number of square feet, the overall size allegedly caused the tenant to enter into the lease. The tenant did reduce its monthly payment

by fifteen percent when it discovered the premises were fifteen percent smaller than represented in the lease, but this remedy, employed after the alleged breach of contract, neither detracts from nor alters the allegation that the tenant was enticed into entering the lease given the approximate size of the premises set forth in the lease.

The landlord further argues that the claims of negligent misrepresentation and breach of contract were appropriately given little weight by the trial court when the motion was made because the tenant knew the dimensions in the lease were approximations and, after inspecting the premises, agreed to accept them "as is."

First, the word "approximate" means "nearly resembling [;] near to correctness or accuracy [;] nearly exact [;] located very close together [.]" Webster's Third New International Dictionary 107 (Philip Babacock Gove et al. eds., 1981). If the square footage is as the tenant claims, we question whether the dimensions set forth in the lease are in fact an approximation. Second, we question whether a visual inspection by a tenant — unless an expert — enables it to determine the square footage of a structure, especially when the premises are between nine and twelve thousand feet. The parties have retained expert

architects and even they hold significantly different views of how many square feet are within the leasehold.

Further, a court hearing a summary dispossess action lacks general equitable jurisdiction. WG Associates v. Estate of Roman, 332 N.J. Super. 555, 563 (App. Div. 2000) (citing Carr, supra, 211 N.J. Super. at 347). "Although the court may consider equitable defenses, it is beyond the power of the court to grant permanent injunctive or other equitable relief to parties." Ibid.; see also Chau v. Cardillo, 250 N.J. Super. 378, 385 (App. Div. 1991)("[t]he equitable jurisdiction of the Special Civil Part in a summary dispossess action is limited to matters of defense or avoidance asserted by the tenant").

Rescission is a claim or remedy "rooted in considerations of equity." Rutgers Cas. Ins. Co. v. LaCroix, 194 N.J. 515, 527 (2008) (citing Stambovsky v. Cohen, 124 N.J. Eq. 290, 295 (E. & A. 1938)). "Where a party has gained an unfair advantage by virtue of a fraudulent misrepresentation, and monetary damages alone will not satisfy the injury sustained by the aggrieved party, courts have looked to the equitable remedy of rescission to eliminate the damage." Ibid. We regard the tenant's claim for rescission as more than a defense or avoidance by the tenant. The tenant did not merely assert a defense to the eviction action. The tenant endeavored to assert affirmative

claims of breach of contract and negligent misrepresentation against the landlord, for which the tenant sought not just damages and but also a full rescission of the contract.

Accordingly, the motion for transfer should have been granted because otherwise substantial interests of the tenant, none of which is outweighed by any prejudice to the landlord, are jeopardized. Twp. of Bloomfield, supra, 253 N.J. Super. at 563. We vacate the judgment for possession and remand for this matter to be transferred to the Law Division for further proceedings not inconsistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10                                                              A-5162-12T3