**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2920-18T1

COMMERCE LIMITED
PARTNERSHIP #9326,

    Plaintiff-Appellant,

v.

EDISON FURNITURE,
LLC, d/b/a ALL BRANDS
FURNITURE CLOSEOUTS,
LLC,

    Defendant-Respondent.

_____

Submitted January 29, 2020 – Decided February 11, 2020

Before Judges Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. LT-010328-18.

Jonathan R. O'Boyle, attorney for appellant.

Respondent has not filed a brief.[1]

---

[1] Respondent's brief was suppressed for failure to timely file a conforming brief.

PER CURIAM

Plaintiff Commerce Limited Partnership #9326 appeals from a February 25, 2019 Special Civil Part order dismissing its action to evict a commercial tenant, defendant Edison Furniture, LLC d/b/a All Brands Furniture Closeouts, LLC, for various violations of a written lease. The judge found defendant breached the lease. However, instead of entering a judgment of possession, the judge fashioned an equitable remedy, allowing defendant thirty days to cure its breaches of the lease. According to the February 25, 2019 order, if defendant failed to provide specific documents required under the lease within thirty days, plaintiff could reopen the matter. Because the judge lacked the power to fashion an equitable remedy, we reverse and remand for trial on plaintiff's complaint based on defendant's breaches of the lease as of September 2018 to the extent those breaches were not cured.[2]

The facts are straightforward. The lease required defendant to carry $5,000,000 in personal injury insurance and $2,000,000 in property damage insurance. The lease also mandated defendant obtain a waiver of subrogation

---

[2] Because the order on appeal was entered prior to the expiration of the thirty-day period, and based on the ongoing litigation between the parties related to the lease, we are unable to determine whether defendant complied with the February 25, 2019 order by providing the required documents within thirty days.

A-2920-18T1

on the insurance policies so plaintiff would not be held responsible for losses. Defendant was obligated to provide "current [c]ertificates of [i]nsurance evidencing [its] compliance" with the lease.

In addition, the lease required defendant to furnish financial statements "for the three fiscal annual periods most recently ended prior to the date of [plaintiff's] request" within ten days of such a request. The lease provided time for defendant to cure defaults under the lease. If defendant failed to timely cure, plaintiff could resort to all "rights and remedies which are provided for by law or equity or elsewhere in this [l]ease."

On September 4, 2018, plaintiff declared defendant in default of the lease because it failed to obtain adequate insurance. The letter also notified defendant of its failure to provide financial statements and requested the statements within ten days. According to plaintiff's letter, if defendant failed to cure these defaults within the "applicable cure periods, . . . [plaintiff] intend[ed] to exercise any and all of its remedies available to it[.]"

Defendant's attorney responded to the default letter on October 2, 2018. Defense counsel included an insurance certificate, providing $5,000,000 in commercial liability umbrella coverage. However, the insurance certificate did not waive subrogation, state the amount of damages required to trigger umbrella

3

coverage, or describe the insured premises. Defense counsel also advised that the financial statements would be forthcoming.

Ten days later, plaintiff sent defendant a notice to quit and demand for possession of the premises, claiming defendant "failed and refused to cure [its] default" by providing the financial statements and proof of adequate insurance. Plaintiff terminated the lease as of October 12, 2018, and demanded defendant vacate the premises by October 15, 2018. In the event defendant failed to vacate the property, plaintiff intended to file a summary dispossess action.

Eventually, plaintiff received defendant's 2017 financial statement. However, plaintiff noted defendant provided only the statement for 2017 despite plaintiff's request for three years of financial statements. Therefore, plaintiff claimed defendant remained in breach of the lease.

On October 18, 2018, plaintiff filed a complaint for possession of the premises. After plaintiff filed its summary eviction action, defendant presented a new insurance certificate. The new certificate purportedly contained a waiver of subrogation in accordance with the lease. However, plaintiff claimed the new insurance provided inadequate coverage for property damage and did not waive subrogation for personal injury.

A tenancy trial was held on January 23, 2019. Defendant did not deny it failed to provide an insurance policy acceptable to plaintiff's insurer. Nor did defendant deny it failed to produce financial statements for three years. Defendant explained it was doing its best to provide the information as quickly as possible. Defendant testified plaintiff never requested such information at any time during the nine years preceding plaintiff's summary dispossess action.

At the conclusion of the trial, the judge rendered a decision on the record. In his ruling, the judge found defendant "made a reasonable effort" to get the requested financial information to plaintiff, but "tax season" precluded defendant's ability to provide the information within the required time period. The judge also determined that plaintiff and defendant should "together make a reasonable effort to obtain an insurance policy which will be acceptable to [plaintiff's] insurer." In so finding, the judge accepted as true that the insurance policy provided by defendant did not comport with the lease requirements.

The judge entered a February 25, 2019 order for judgment dismissing plaintiff's complaint and allowing defendant thirty days to provide certificates of insurance in accordance with the lease and financial statements for 2016, 2017, and 2018. In the event defendant failed to provide the documents within thirty days, the order allowed plaintiff "to reopen the matter."

A-2920-18T1

Plaintiff filed its appeal prior to the expiration of the thirty-day period in the February 25, 2019 order. On appeal, plaintiff contends the judge exceeded his authority by fashioning an equitable remedy and dismissing the summary dispossess action.

By statute, review of a summary dispossess judgment is only appealable for lack of jurisdiction. Marini v. Ireland, 56 N.J. 130, 136 (1970) (citing N.J.S.A. 2A:18-59). Courts have expanded the scope of appellate review in summary dispossess actions "to determine whether the trial court committed reversible error, not solely to determine whether it exceeded its jurisdiction." Twp. of Bloomfield v. Rosanna's Figure Salon, Inc., 253 N.J. Super. 551, 557-58 (App. Div. 1992). The distinction between jurisdictional errors and errors affecting the merits of the action has largely been eliminated, Hous. Auth. of Newark v. West, 69 N.J. 293, 299-300 (1976) (discussing effect of Marini, 56 N.J. 130), and appeals may be heard as of right from final summary dispossess judgments. Twp. of Bloomfield, 253 N.J. Super. at 558 (citing Hous. Auth. of E. Orange v. Mishoe, 201 N.J. Super. 352, 357 (App. Div. 1985)).

Summary dispossess is a creature of statute, designed as an expeditious alternative to an ejectment action under the common law. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 280 (1994). "The only remedy that can be

granted in a summary[]dispossess proceeding is possession; no money damages may be awarded." Ibid. Possession can only be granted if the landlord is entitled to possession based on one of the enumerated statutory grounds. Id. at 281 (citing Levine v. Seidel, 128 N.J. Super. 225, 229 (App. Div. 1974)).

A trial court reviewing a summary dispossess action lacks general equitable jurisdiction. Benjoray, Inc. v. Acad. House Child Dev. Ctr., 437 N.J. Super. 481, 488 (App. Div. 2014) (citing WG Assocs. v. Estate of Roman, 332 N.J. Super. 555, 563 (App. Div. 2000)). While such a court "may hear equitable defenses and entertain equitable concepts, it is beyond the power of that court to grant . . . equitable relief . . . as may appear just and appropriate under the circumstances presented." Carr v. Johnson, 211 N.J. Super. 341, 347 (App. Div. 1986) (quoting Morrocco v. Felton, 112 N.J. Super. 226, 230-31 (Law Div. 1970)). "The equitable jurisdiction of the Special Civil Part in a summary dispossess action is limited to matters of defense or avoidance asserted by the tenant." Chau v. Cardillo, 250 N.J. Super. 378, 385 (App. Div. 1990).

Here, defendant argued plaintiff waived enforcement of the lease because plaintiff never previously requested financial statements or insurance information. The judge rejected defendant's claim that plaintiff waived its right to enforce the lease term and concluded defendant defaulted under the lease.

A-2920-18T1

When a trial court finds a statutory basis for eviction and compliance with notice requirements under the summary dispossess statute, the "judgment for possession is conclusive" if the tenant presents no countervailing defense. Carteret Props. v. Variety Donuts, Inc., 49 N.J. 116, 123-24 (1967). The summary dispossess statute allows for eviction when the tenant "commit[s] any breach or violation of any of the covenants or agreements . . . contained in the lease." N.J.S.A. 2A:18-53(c)(4).

While the judge found defendant made reasonable efforts to comply with the lease, it is undisputed defendant did not provide the documents required under the lease, and plaintiff "ha[d]n't waived anything." Having found no waiver defense, the judge erred in conditioning dismissal of plaintiff's summary dispossess action on defendant providing specific documents within thirty days.

Because the judge exceeded his authority under the summary dispossess statute, we reverse the order on appeal and remand for a new summary dispossess trial.

Since plaintiff filed its appeal prior to the expiration of the thirty-day time period in the February 25, 2019 order, we take no position whether a remand trial is moot or whether the issues giving rise to defendant's breach of the lease,

as asserted in the September 2018 letter, may be barred by the entire controversy doctrine or any other affirmative defense.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2920-18T1