**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0836-18T2

40 WASHINGTON, LLC,

 Plaintiff-Respondent,

v.

SCOTT DIROMA,

 Defendant-Appellant.

_____

   Submitted October 3, 2019 – Decided February 21, 2020

   Before Judges Alvarez and Nugent.

   On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. LT-023982-18.

   Scott DiRoma, appellant pro se.

   Ehrlich Petriello Gudin & Plaza, attorneys for respondent (Erin Ehrlich Caro, on the brief).

PER CURIAM

   The Anti-Eviction Act, N.J.S.A. 2A:18-61.1 to -61.12, authorizes a landlord to evict a tenant if, after the landlord has proposed "at the termination

of a lease, reasonable changes of substance in the terms and conditions of the lease, . . . the tenant, after written notice, refuses to accept [them]." N.J.S.A. 2A:18-61.1(i). In this eviction action, the landlord, plaintiff 40 Washington, LLC, proposed new terms for its lease with tenant, defendant Scott DiRoma, who disputed the reasonableness of the new terms. Following a hearing, the trial court determined plaintiff had properly notified defendant of the proposed new terms and that two of the terms were reasonable. When defendant refused to accept the two new reasonable terms, the court executed an order authorizing the issuance of a warrant of removal. Defendant appealed. We affirm.

Plaintiff owns a 196-unit apartment building in East Orange. Defendant leased a unit, commencing August 15, 2015. The lease included one parking space. The parties signed a lease extension agreement extending the lease through July 31, 2018.

On May 17, 2018, approximately two and one-half months before the extended lease terminated, plaintiff prepared a letter enclosing a proposed new lease (Proposed Lease) along with a notice to terminate the tenancy. Plaintiff's manager hand-delivered these documents and a cover letter to defendant, and defendant signed for them.

The lease in effect on May 17, 2018, when the Proposed Lease was delivered to defendant, provided that in the event plaintiff offered to renew the lease, it was required to hand-deliver the notice and lease to defendant, who was then obligated to respond. The relevant lease provision, paragraph 24(c) provided: "[w]ithin 15 days of Landlord's request or no later than one calendar month prior to the expiration of Tenant's current Lease, whichever is earlier, Tenant shall give Landlord written notice of Tenant's decision to renew or not to renew upon the terms offered."

More than a month later, on June 26, 2018, plaintiff hand-delivered and emailed to defendant a Notice To Quit And Demand For Possession terminating his tenancy at midnight on July 31, 2018. The Notice to Quit documented defendant had telephoned the resident manager on June 26, 2018, and said he would not return the Proposed Lease and the landlord could take him to court. Defendant refused to sign the Proposed Lease because he deemed the new provisions unreasonable.

The Proposed Lease included four new terms, among others, that defendant deemed unreasonable: (1) The requirement his automobile insurance policy provide $10,000 in liability coverage for property damage; (2) a prohibition against parking his vehicle without moving it for an extended period

of time; (3) a prohibition against parking more than one vehicle in a parking space; and (4) a prohibition against working on his vehicle in the building's parking lot.

When defendant refused to sign the Proposed Lease, and refused to leave when the existing lease expired, plaintiff filed a summary dispossess action. The trial court conducted a hearing on the disputed issues. The court found the first two terms of the Proposed Lease unreasonable, a determination defendant has not appealed.

The court determined the third and fourth terms—prohibiting more than one vehicle per parking space and prohibiting working on vehicles in the parking lot—were reasonable. Plaintiff's Vice-President of Operations had testified that all 195 other apartment residents had signed the renewal leases with the revisions. The revision prohibiting more than one vehicle per parking space was a safety issue. The vice-president explained that if two vehicles were parked in one space, for example a car and a motorcycle, one would protrude beyond the parking space, resulting in an insufficient right-of-way around the space "to allow other vehicles to traverse the spaces properly." In addition, parking two vehicles in one space would require the owner to move one vehicle into someone

4

else's space or into the driving lanes in order to get the second vehicle out of the parked space. The court agreed.

The court also determined that working on vehicles potentially exposes the surrounding area to environmental hazards, such as oils which must be disposed of in accordance with law.

Defendant testified that he once parked a car and a motorcycle in his parking space, but the motorcycle had been involved in an accident and he no longer owned it. However, he intended to buy another one. He also testified that during the past three years, he had spent "a fair amount of time out in the parking lot working on [his] motorcycle."

Following the hearing, plaintiff deleted the "unreasonable" changes from the Proposed Lease and sent the revised Proposed Lease to defendant's attorney on September 6, 2018. When defendant refused to sign the Revised Proposed Lease, plaintiff moved for a judgment of possession and warrant of removal. The court entered the order authorizing the issuance of a warrant of removal over defendant's objection.

Defendant filed an order to show cause on October 10, 2018. The court dismissed the order to show cause, denied defendant's request for a hardship

5

stay, and entered an order for orderly removal extending to October 31, 2018, the date defendant was to vacate the premises.

Defendant filed an appeal on October 17, 2018, and an emergent motion for a stay five days later. The motion for a stay was denied.

On appeal, defendant presents the following arguments:

> THE PROPOSED NEW RULES WERE ALL UNREASONABLE, AND THE LANDLORD WAS REQUIRED TO PRESENT EVIDENCE TO ESTABLISH REASONABLENESS.
>
> THERE WAS INADEQUATE NOTICE, AS NO NOTICE WAS SERVED AFTER THE CAUSE OF ACTION ACCRUED.
>
> A WARRANT FOR REMOVAL SHOULD NOT HAVE BEEN ISSUED AFTER THE CASE WAS DISMISSED.

We affirm, substantially for the reasons expressed by the trial court in its oral decision. When interpreting the reasonableness of a proposed lease change, courts consider the totality of the relevant circumstances, including the interests of both the landlord and the tenant. The trial court did so here, and we find no error in its conclusions. See Hous. Auth. of E. Orange v. Mishoe, 201 N.J. Super. 352, 359 (App. Div. 1985); Young v. Savinon, 201 N.J. Super. 1, 6-7 (App. Div. 1985); Royal Assocs. v. Concannon, 200 N.J. Super. 84, 90-91 (App. Div. 1985).

6

We have considered defendant's remaining arguments and determined they are without sufficient merit to warrant further discussion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-0836-18T2