**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0102-19T1

HILTON GARDENS, LLC,

      Plaintiff-Respondent,

v.

ANNA UJHELYOVA,

      Defendant-Appellant.

_____

Submitted April 22, 2020 – Decided May 8, 2020

Before Judges Fuentes and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. LT-003850-19.

Brian T. Kernan, attorney for appellant.

Jeffrey J. Chornoboy, attorney for respondent.

PER CURIAM

In this residential tenancy action, defendant Anna Ujhelyova appeals from the September 4, 2019 Special Civil Part order enforcing the terms of a settlement agreement defendant previously reached with her landlord, plaintiff

Hilton Gardens, LLC. The order required defendant to vacate her current apartment and move to a new one within two weeks, or pay the rent on both units if she failed to do so. Because the court exceeded its jurisdiction under the Anti-Eviction Act, N.J.S.A. 2A:18-61.1 to -61.12, by granting plaintiff this equitable relief, we reverse.

The facts are straightforward and not in dispute. Defendant lived in Apartment A4 in plaintiff's building. The monthly rent was $1025.

On May 28, 2019, plaintiff filed a summary dispossess action against defendant for non-payment of rent. In response, defendant raised a Marini[1] defense, and paid $2653.25 into the court's escrow account. The court scheduled the trial for June 27, 2019.

On that date, defendant appeared with counsel and the parties negotiated a settlement. Defendant agreed to relocate to Apartment C7 on July 10, 2019, after plaintiff finished painting it. The monthly rent for this unit was $1350. The parties also agreed that $2101.25 of the escrow funds would be paid to

---

[1] Marini v. Ireland, 56 N.J. 130 (1970) (holding that the breach of an implied warranty of habitability or covenant to repair may be used by a tenant as a defense in an eviction action based upon non-payment of rent where defects have been asserted as a basis for withholding of rental payments). Here, defendant claimed she was withholding rent because plaintiff failed to address a mold problem in the apartment.

A-0102-19T1

plaintiff, with the remaining $552 being returned to defendant. The judge reviewed the terms of the agreement on the record with defendant, and concluded that she understood them and was voluntarily resolving the matter.

The judge marked the matter as "settled." Thereafter, the parties did not enter into a lease for Apartment C7.

Defendant did not move into Apartment C7 on July 10. Instead, she left a voicemail for plaintiff stating she could not afford the higher rent for that unit and, therefore, would be staying in Apartment A4. Defendant paid plaintiff the $1025 rent for Apartment A4, but plaintiff returned it to her. Plaintiff alleged that it was holding Apartment C7 for defendant, and was therefore precluded from renting it even though it had received multiple inquiries from prospective tenants concerning the unit.

Rather than instituting a new action for breach of contract in the Special Civil Part or the Law Division, plaintiff filed a motion to enforce the settlement agreement in the underlying summary dispossess action. Plaintiff sought an order requiring specific enforcement of the agreement, and money damages if defendant continued to refuse to vacate Apartment A4. Defendant opposed the motion, and argued that the court lacked jurisdiction to evict her from her apartment for violating the settlement agreement.

A-0102-19T1

After conducting oral argument, the court granted plaintiff's motion for specific performance. The court found that defendant had voluntarily agreed to move to the new apartment, and her "buyer's remorse" did not excuse her from complying with the agreement. The court ordered defendant to move to Apartment C7 within two weeks and, if she failed to do so, she would be required to pay the rent on both units retroactive to July 1, 2019. This appeal followed.

On appeal, defendant argues that the Special Civil Part lacked jurisdiction to compel her to vacate her apartment as a sanction for violating the settlement agreement. We agree.

A summary dispossess proceeding is a creature of statute, designed as an expeditious alternative to an ejectment action under the common law. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 280 (1994). "Possession of the premises is the only available remedy for nonpayment of rent, because money damages may not be awarded in a summary dispossess action." Hodges v. Sasil Corp., 189 N.J. 210, 221 (2007). Possession can only be granted if the landlord is entitled to possession based on one of the enumerated statutory grounds. Little, 135 N.J. at 281 (citing Levine v. Seidel, 128 N.J. Super. 225, 229 (App. Div. 1974)).

A-0102-19T1

A trial court reviewing a summary dispossess action lacks general equitable jurisdiction. Benjoray, Inc. v. Acad. House Child Dev. Ctr., 437 N.J. Super. 481, 488 (App. Div. 2014) (citing WG Assocs. v. Estate of Roman, 332 N.J. Super. 555, 563 (App. Div. 2000)). "[W]hile such a court 'may hear equitable defenses and entertain equitable concepts, it is beyond the power of that court to grant . . . equitable relief . . . as may appear just and appropriate under the circumstances presented.'" Carr v. Johnson, 211 N.J. Super. 341, 347 (App. Div. 1986) (quoting Morrocco v. Felton, 112 N.J. Super. 226, 230-31 (Law Div. 1970)). "The equitable jurisdiction of the Special Civil Part in a summary dispossess action is limited to matters of defense or avoidance asserted by the tenant." Chau v. Cardillo, 250 N.J. Super. 378, 385 (App. Div. 1990).

Applying these principles here, the trial court could only require defendant to leave Apartment A4 if plaintiff was able to establish "one of the enumerated statutory 'good causes' in the Anti-Eviction Act." Cmty. Realty Mgmt. v. Harris, Inc., 155 N.J. 212, 239 (1998). Plaintiff failed to do so. Defendant offered to pay the rent on Apartment A4, and was not in default on any of the other terms of her lease. Her failure to abide by the terms of a separate settlement agreement is simply not one of the "good causes" listed in the Act that permit removing a tenant.

5

Thus, the court did not have the authority to order defendant to move from her apartment for violating the settlement agreement, or the power to direct her to pay monetary damages to plaintiff if she did not.[2]  Because the court lacked jurisdiction to order the equitable relief it granted plaintiff in this summary dispossess proceeding, we are constrained to reverse the September 4, 2019 order.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2]  If plaintiff wished to pursue these remedies, it should have instituted a breach of contract action in a new proceeding in the Special Civil Part or the Law Division.

A-0102-19T1